THE STATE, EX REL. JAMES L. HILTON, V. DAVID TOWNSEND.

Exemption: HOMESTEAD.    A person possessed of a homestead on which he resides, although his title may be a contract of sale and the property encumbered for nearly its entire value, is not entitled to $500 in addition in lieu of a homestead, nor can he pledge his homestead as security for a debt, and while possessed of the homestead claim $500 in lieu thereof.

ORIGINAL application for mandamus.

*Joel Hull*, for relator.

*Stewart & McPheely*, for respondent.

MAXWELL, J.

The relator is the head of a family and a resident of Axtell, in this state, and prior to the 7th day of February

last was engaged in the business of druggist in the town of his residence. On that day McCord, Brady & Co., of Omaha, caused an execution to be issued on a judgment in their favor against the relator, and levied upon a portion of the stock of goods belonging to him in his drug store. He thereupon filed an inventory under oath of what he claimed was all his property with the officer holding the execution, and alleged in such inventory that he had neither lands, town lots, nor houses subject to exemption as a homestead under the laws of this state, and, therefore, that he was entitled to goods to the value of five hundred dollars in lieu of a homestead. Afterwards he brought this action against the defendant, who held the execution, to compel him to call appraisers to appraise the property described in the inventory. An alternative writ was allowed, to which an answer was filed, and a large amount of testimony taken, much of it upon points not involved in this case, and it need not be reviewed at length. It appears from the testimony that in January last the relator was possessed of a homestead in the village where he resides, which he states in his testimony was worth about $500 or $600; that the title was a contract from the town company, and some portion of the purchase price was still unpaid; that there were liens and incumbrances against it amounting to about $500. That at the date last mentioned his creditors were pressing him, and it was agreed between him and his attorney that he should assign the contract from the town company for the lot in question to such attorney as security for fees then due and thereafter to become due for services to be rendered; that in pursuance of such agreement the assignment was made, and upon the strength of it the relator claims the $500 exempt in lieu of a homestead. The real question in the case, therefore, is his right to goods the value of $500 in lieu of a homestead.

In *State, ex rel. Kahoon, v. Krumpus*, 13 Neb., 321, the relator owned a small house or shanty in Omaha in which he

resided, which was mortgaged for its full value, yet it was held that he was not entitled also to an exemption of $500 in lieu of a homestead.    It is said, " The fact of it being incumbered does not take from it the character of a house or homestead, nor render it subject to attachment and sale against his will."

And in *Axtell v. Warden*, 7 Neb., 182, it was held that a person occupying a homestead under the laws of the United States was not entitled, in addition, to an exemption of $500, although the title to the homestead was in the United States.    These cases would seem to be decisive of this.    It is not essential to a homestead that it shall be free from incumbrances, nor that the occupant shall possess the legal title.    But an embarrassed debtor cannot be permitted to convey his homestead to his attorney or any one else as security, and retain property to the value of $500 in lieu of such homestead.    The courts will protect the rights of homestead and exemption as far as a liberal construction of the statute will permit; but the statute alone furnishes the measure of their authority, and declares what property shall be exempt.    A debtor should be required also to act in good faith with his creditors, and if unfortunate and unable to pay his debts in full, apply his property not exempt towards the payment of his debts, and the exemption law should not be extended by implication to cover property not intended to be included therein.    As the relator is married it is doubtful if the assignment made by him to his attorney is of any validity without the consent of the wife.    *Bonorden v. Kriz*, 13 Neb., 121.    But that question is not before the court.    As the relator has a homestead he is not entitled to property to the value of $500 in lieu thereof.    The writ is therefore denied.

WRIT DENIED.

THE other judges concur.