In the Matter of Randy **HARTMANN** a/k/a Randall Hartmann d/b/a Hartmann Lawn Sprinkling, d/b/a Hartmann Sprinkling Systems, d/b/a Hartmann Energy Systems, and Michelle Rae Hartmann a/k/a Michelle Rae Elrod, Debtors.

Randall **HARTMANN** and Michelle Rae Hartmann, Plaintiffs,

v.

John **WOLF**, Trustee, Defendant.

Bankruptcy No. BK81–260.
Adv. No. A81–269.

United States Bankruptcy Court, D. Nebraska.

April 26, 1982.

John M. Guthery, Lincoln, Neb., for plaintiffs.

John Wolf, Grand Island, Neb., Trustee.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

In this adversary proceeding, the plaintiffs, husband and wife, seek a determination that they are each entitled to claim from assets of the estate of this debtor-relief proceeding a real estate homestead under Neb.Rev.Stat. § 40–101 (1943), as amended. As an alternative position, if they are unsuccessful with regard to the foregoing assertion, plaintiffs claim that Michelle may assert a claim to exemptions under § 25–1552, R.R.S.1943, as amended, (the "in-lieu-of-homestead provision").

Nebraska rejected the exemptions contained in the provisions of 11 U.S.C. § 522(d) with the enactment of L.B. 940, 1980 Neb. Laws 1051 [codified as § 25–15, 105 (Cum.Supp.1980)]. That same statutory provision modified § 40–101 of the Nebraska Statutes to provide a real estate homestead of $6,500. A more thorough analysis of the Bankruptcy Code provisions in Nebraska exemption statutes are set forth in Duncan, "Through the Trapdoor Darkly: Nebraska Exemption Policy and the Bankruptcy Reform Act of 1978," 60 *Neb. Law Review* 219 (1981).

Plaintiffs here argue that although Nebraska was free to "opt-out" of the provisions of 11 U.S.C. § 522(d) by virtue of 11 U.S.C. § 522(b)(1), the Nebraska legislature was not permitted to alter sub-section (m) of § 522 which provides:

"This section shall apply separately with respect to each debtor in a joint case."

Although it is true that sub-section (m) could not be altered by the Nebraska legislature, when the legislature decided that the federal exemptions of sub-section (d) would not be applicable to petitions filed in the state, the alternative provision under § 522(b)(1) was no longer operative and reference under sub-section (b) reverted to sub-paragraph (2). The result is that an individual in Nebraska must look solely to state law for his exemptions. In other words, if property is exempt to others under state law but not to the specific individual, that individual may not by analogy claim the exemptions for himself.

Looking to Nebraska law, this court concludes that it is established law in Nebraska that only "heads of families" are entitled to a Nebraska real estate homestead exemption under § 40–101. See Duncan, "Through the Trapdoor Darkly," *supra*, at page 236. In the instant proceeding, consequently, Randall Hartmann but not Michelle Hartmann is entitled to a real estate homestead exemption of $6,500 in the real estate under consideration.

Turning to plaintiffs' alternative position, Mrs. Hartmann claims to be entitled to the "in-lieu-of-homestead" exemption under § 25–1552, since, under the foregoing analysis she has no real estate homestead available to her. Here, the literal language of the statutory provision under consideration appears to come in conflict with state-

ments contained in the legislative history of amendments to the statutory section. In view of the statutory purpose stated in the legislative history, that of providing the exemption of § 25–1552 to all individuals regardless of marital or family status, my conclusion is that Mrs. Hartmann is entitled to claim the exemption of § 25–1552 even though her husband Randall has a real estate homestead in the property in which they both reside. See, Duncan, "Through the Trapdoor Darkly," *supra,* at page 262.

A separate judgment is entered in accordance with the foregoing.