**In re Ralph S. JONES and Ruth V. Jones, husband and wife, Debtors.**

**Bankruptcy No. 82–03770–x7.**

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

April 26, 1983.

Dillon E. Jackson, Keller, Jacobson, Hole, Jackson & Snodgrass, Bellevue, Wash., for debtors.

James R. Tuttle, Asst. Atty. Gen., Olympia, Wash., for State of Wash.

Howard R. Bartlett, Feinstein, McAulay & Bartlett, Seattle, Wash., for trustee.

### MEMORANDUM AND ORDER

KENNETH S. TREADWELL, Bankruptcy Judge.

On December 15, 1982, Ralph and Ruth Jones filed a joint petition under Chapter 7

---

of the Bankruptcy Code, 11 U.S.C. § 701 et seq. Mr. Jones filed a schedule B–4 electing certain federal exemptions, including $7500.00 pursuant to 11 U.S.C. § 522(d)(1) in property other than the debtors' residence. Mrs. Jones filed a Schedule B–4 electing certain Washington exemptions, including a scheduled value of up to $20,000 in a homestead under RCW 6.12.010 et seq. The asserted basis for this splitting of exemptions was 11 U.S.C. § 522(m).

The Trustee objected to this splitting of exemptions on the ground that Washington statutory law prohibits a simultaneous election of state exemptions where one spouse elects federal exemptions.

The debtors took exception to the trustee's objection, alleging that such statutory prohibition is unconstitutionally invalid in violation of the Supremacy Clause of the United States Constitution.

This Court provided notice of the constitutional challenge to the Attorney General of the State of Washington pursuant to 28 U.S.C. § 2403(b), and subsequently allowed a petition to intervene filed by the Attorney General.

The statute at the nub of this dispute provides in pertinent part:

The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

\*       \*       \*       \*       \*       \*

(3) On one spouse's or the community's debts existing at the time of that spouse's bankruptcy filing where (a) bankruptcy is filed by both spouses within a six-month period, including as a joint case under 11 U.S.C. Sec. 302, and (b) the other spouse exempts property from property of the estate under the federal exemption provisions of 11 U.S.C. Sec. 522(b)(1).

RCW 6.12.100.[1] This statute and the similarly worded RCW 6.16.080 which is applicable to personal property, expressly prevent one spouse from electing state exemptions in a bankruptcy proceeding where the other spouse elects federal exemptions. In effect, the statute operates to deny married debtors domiciled in Washington the right to select individually either the state or federal group of exemptions and forces them, as a single unit, to select one or the other. This Court is of the view that the statute's effect of dictating the selection of federal exemptions by one spouse where the other spouse selects federal exemptions contravenes 11 U.S.C. § 522(m).

11 U.S.C. § 522(m) provides:

"(m) This section shall apply separately with respect to each debtor in a joint case."

"This section" refers to 11 U.S.C. § 522, which provides for the election of either the exemptions permitted by the laws of the state wherein the debtor is domiciled at the date of the filing of the petition [§ 522(b)(2)(A)] or property specified in subsection (d) [§ 522(b)(1)]. *In re Stacey,* 24 B.R. 97, 98 (Bkrtcy.S.D.Cal.1982).

The Court believes that if § 522(m) is to have any meaning, it is that a husband and wife are to have the freedom to choose independently of each other state or federal exemptions in those states where state exemptions are available. The Court therefore chooses to follow the majority of courts which have held that the Supremacy Clause of the Constitution and 11 U.S.C. § 522(m) permit "stacking" of state and federal exemptions where joint debtors individually so select, even where state exemption law would prohibit it. See *In re Cannady,* 653 F.2d 210 (5th Cir.1981); *In re Dahdah,* 20 B.R. 665 (9th Cir.Bkrtcy.App.1982); *In re Emmerich,* 19 B.R. 666 (9th Cir.Bkrtcy.App. 1982); *In re Ageton,* 14 B.R. 833 (9th Cir. Bkrtcy.App.1981); *In re Lee,* 22 B.R. 977 (Bkrtcy.C.D.Cal.1982); *In re Morrison,* 13 B.R. 815 (Bkrtcy.D.Ariz.1981); *In re Ancira,* 5 B.R. 673 (Bkrtcy.N.D.Cal.1980). The Court recognizes, but chooses not to follow, courts which appear to have taken a contrary view. See, e.g., *In re Goering,* 23 B.R. 1010 (Bkrtcy.N.D.Ill.1982).

---

1. RCW 6.12.100 was amended twice during the 1981 regular session of the state legislature, each amendment without reference to the other. The other amendment does not appear to be in issue here.

In addition to its reading of § 522(m) itself, the Court bases its decision on the following grounds:

First, in the legislative history to § 522, Congress emphasized that in a joint case, "*each* debtor is entitled to the Federal exemptions provided under this section or to the State exemptions, whichever the debtor chooses." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. (1977), 363, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6319. (Emphasis added).

The legislative history also indicates that Congress was aware that certain windfalls might result from the separate application of exemption provisions in joint bankruptcy proceedings, yet did nothing to change section 522(m). *In re Cannady, supra,* at 213. The Senate Report in its treatment of the proposed Act noted that:

> H.R. 8200, the House version of this bill, contains a provision for exemptions that would allow the debtor to choose between State law or Federal exemptions as set by the bill, whichever is higher. H.R. 8200 would establish 11 categories of property for the Federal exemption, among which is a homestead exemption of $10,000. Such a provision in joint cases would result in a husband choosing State exemptions while a wife might choose Federal exemptions. Together, they could thus retain after bankruptcy, very substantial amounts of property, while their debts would have been discharged. The committee feels that the policy of the bankruptcy law is to provide a fresh start, but not instant affluence, as would be possible under the provisions of H.R. 8200.

S.Rep. No. 95–989, 95th Cong., 2nd Sess. 6 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5792. Despite this recognition of the probable effect of "stacking" of exemptions, the Senate settled instead for a compromise which left § 522(m) intact, but reduced the amount of the federal exemption to $7500.00, and amended § 522(b)(1) to allow the individual states to pass "opt-out" legislation denying their residents the right to claim the federal exemptions under § 522(d). See 124 Cong.Rec. H11,095 (daily ed. Sept. 28, 1978); 124 Cong.Rec. S17,412 (daily ed. Oct. 6, 1978).

Second, the Washington statute does not represent an attempt to "opt-out" of the federal exemption scheme as permitted by § 522(b)(1). Under that subsection, Congress intended for states, so choosing, to reject completely the federal exemptions and to adopt state exemptions. Rather than accomplishing this, the Washington statute forces one spouse to "opt-in" federal exemptions where the other spouse selects federal exemptions. Therefore, the Washington statute does not follow the only federally prescribed route around § 522(m), i.e., § 522(b)(1).

▇ Third, even though a joint petition may have been filed here, the estates remain in legal effect separate or several.[2] *In re Howard,* 6 B.R. 220, 222 (Bkrtcy.S.D. Ohio 1980). 11 U.S.C. § 302, which permits the filing of joint cases in bankruptcy, is only of procedural effect. See *In re Janesofsky,* 22 B.R. 973, 974 (Bkrtcy.D.Colo. 1982); *In re Alvarez,* 14 B.R. 940 (Bkrtcy.D. Colo.1981). Hence, the exemption schedule selected by one spouse should not be employed to dictate the exemption schedule which then must be selected by the other spouse. Exemption rights are personal to the debtor. *In re Schuller,* 108 F. 591, 592 (D.Wis.1901).

▇ Fourth, it has long been a tradition in bankruptcy that exemption statutes are liberally construed in favor of debtors. See *Porter v. Aetna Casualty and Surety Co.,* 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962); *In re Ageton, supra,* at 836. Similarly, cases in Washington state hold that homestead statutes should be liberally construed in favor of debtors. See *Lien v. Hoffman,* 49 Wn.2d 642, 306 P.2d 2'0 (1957); *Bank of Anacortes v. Cook,* 10 Wn. App. 391, 517 P.2d 633 (1974). Therefore, even if the language of § 522(m) were ambiguous, which this Court does not find, this Court would be required to favor a con-

---

**2.** In the present case no order has been made to consolidate the cases for substantive purposes.

struction, if reasonable, to aid the debtors' fresh start.

Fifth, this Court recognizes that the social effects of our bankruptcy laws are of concern and that the Washington statute in question has the potential detrimental effect in certain cases of encouraging couples to divorce in order that each spouse may claim the exemption schedule of his or her choice.

Sixth, the Washington statute undeniably has the additional detrimental effect of causing delay and inefficiency to occur in the administration of bankruptcy cases. As pointed out by debtors' counsel, the six month waiting period in the statute (set forth above) would require every trustee upon a filing by one spouse to make a motion to extend his report on exemptions for six months. It would also require the trustee to research at the end of six months whether the other spouse had filed bankruptcy, and if so, whether exemptions were selected from the same source of exemptions selected previously by the first spouse. Thus, the Washington statute frustrates the scheme of administration and distribution contemplated under the Bankruptcy Code "which encourages trustees to act diligently and expeditiously." *In re Eldridge,* 15 B.R. 594, 595 (Bkrtcy.S.D.N.Y.1981).

The Court is reluctant to pronounce RCW 6.12.100(3) and the similarly worded RCW 6.16.080 unconstitutional, and recognizes that a statute must be accorded a presumption of validity. See, e.g., *McDonald v. Board of Election Commissioners,* 394 U.S. 802, 808–09, 89 S.Ct. 1404, 1408–09, 22 L.Ed.2d 739 (1969). Nevertheless, even though a statute may have been enacted with the best motives, if it is contrary to the Congressional intent set out in § 522 and the Bankruptcy Code generally, it is the duty of this Court to declare it unconstitutional as violative of the Supremacy Clause, Art. VI, Cl. 2 of the United States Constitution. See *International Shoe Co. v. Pinkus,* 278 U.S. 261, 264, 49 S.Ct. 108, 110, 73 L.Ed. 318 (1929).

## CONCLUSION

The Bankruptcy Code, 11 U.S.C. § 522(m) expressly gives each individual debtor the right to choose between federal and state exemptions and must override the apparent conflict with RCW 6.12.100(3) and RCW 6.16.080 which are hereby declared unconstitutional. Those statutes would otherwise have the effect in certain cases of depriving an individual married debtor of a choice between federal and state exemptions in the event his or her spouse chooses the alternative type of exemption. It is therefore

ORDERED, based on the foregoing memorandum, that the trustee's objections to the debtors' exemptions are denied and the debtors may individually select either state or federal exemptions.