**In re John David SOBY, d/b/a Bob Fritz Electronics, a/k/a Radio Shack, f/d/b/a Country Living Store, and Karen Janice Soby, Debtors.**

**Bankruptcy No. 3–83–00652.**

United States Bankruptcy Court,
D. Minnesota,
Sixth Division.

Feb. 29, 1984.

Robert L. Russell, Fergus Falls, Minn., for Debtors.

Joel D. Johnson, Moorhead, Minn., for Borg-Warner Acceptance Corp.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The above-named Debtors filed for relief under Chapter 7 of the Bankruptcy Code on April 13, 1983. Within the Schedules filed with the Court on that date, the Debtor, Karen Janice Soby, selected property as exempt pursuant to the laws of the State of Minnesota, claiming under those statutes a homestead exemption having a value of $85,000.00 and other personal property having a value of $4,000.00. The Debtor, John David Soby, selected property as exempt pursuant to the federal exemptions enumerated under 11 U.S.C. § 522(d). The exemption claim of John Soby included various personal property valued at $14,763.67. An objection to the Debtors' exemption claims was filed by Borg-Warner Acceptance Corporation on April 26, 1983. The Debtors filed on May 20, 1983, a petition requesting that the Court determine that the objection to the Debtors' claimed exemptions was without merit. A further objection to the Debtors' exemption claims was filed by the Trustee on May 26, 1983. Hearing on this matter was held before the Honorable Harold O. Bullis on June 8, 1983. Pursuant to 28 U.S.C. § 2403(b), the State of Minnesota filed with the Court an intervening brief on September 8, 1983.

The issue raised in this instance is whether a debtor in Minnesota may choose exemptions provided by state law where the debtor's spouse has, at the same moment, chosen exemptions enumerated under federal statutes. Section 550.371 of the Minnesota Statutes provides:

*Subdivision 1. Applicable law.* Except as provided in this section, the exemptions set forth in subsection (d) of Section 522 of the Bankruptcy Act, 11 United States Code Section 522(d), shall be available to residents of this state.

*Subd. 2. Joint petition.* When a husband and wife are joined in a petition for bankruptcy, they may jointly elect to utilize either the applicable exemption provisions pursuant to Minnesota law or pursuant to subsection (d) of Section 522 of the Bankruptcy Act, 11 United States Code Section 522(d), but not both.

*Subd. 3. Individual petition.* When a petition for bankruptcy is filed individually, and not jointly, for a husband or a wife, (a) one spouse shall not claim any exemption pursuant to Minnesota law for a period of three years from the date of filing if the other spouse has claimed any exemption under subsection (d) of Section 522 of the Bankruptcy Act, 11 United States Code Section 522(d); and (b) one spouse shall not claim any exemption pursuant to subsection (d) of Section 522 of the Bankruptcy Act, 11 United States Code Section 522(d), for a period of three years from the date of filing if the other spouse has claimed any exemption pursuant to Minnesota law.

*Subd. 4. Marital status determined.* For the purposes of this section, persons shall be considered to be husband and wife if they are married to each other at the time of the filing of the first individual or joint petition for bankruptcy by either of them unless a decree of separation or temporary order of separation of the parties is issued prior to the time the petition is filed.

Minn.Stat.Ann. § 550.371 (West Supp.1984). Section 550.371 operates to deny married debtors in Minnesota the right to individually select either the state or federal exemptions. Rather, the debtors are forced as a single entity to select one or the other set of exemptions.

Section 522(m) of the Bankruptcy Code provides, as follows:

This section shall apply separately with respect to each debtor in a joint case. 11 U.S.C. § 522(m). Section 522(m) contemplates that the exemption statutes are to be utilized by a debtor independent of his spouse. Where one debtor has the opportunity to claim his exemptions pursuant to federal statutes, his spouse must not be denied the opportunity to choose between the federal and state scheme of exemptions independent of the debtor's selection. It is apparent, therefore, that 11 U.S.C. § 522(m) is in direct conflict with section 550.371 of the Minnesota statutes.

■  Article VI, clause 2, of the United States Constitution, provides, as follows:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. Under the Supremacy Clause of the United States Constitution, federal statutes enacted in a particular area control over state laws which are in conflict with the federal enactments. Bankruptcy is clearly a matter of federal law. U.S. Const. art. I, § 8, cl. 4. *See also Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 59, 102 S.Ct. 2858, 2878, N. 36, 73 L.Ed.2d 598 (1982). Section 522(m) of the Bankruptcy Code controls over any conflicting state statute. In the present instance, the State of Minnesota argues that in supremacy clause analysis, the federal and state statutes should, if possible, be construed to avoid any conflict.

[T]he proper approach is to reconcile "the operation of both schemes with one another rather than holding one completely ousted.

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware,* 414 U.S. 117, 127, 94 S.Ct. 383, 389, 38 L.Ed.2d 348 (1973) (footnote and citation omitted). The State of Minnesota asserts that 11 U.S.C. § 522 and section 550.371 of

the Minnesota Statutes can and should be reconciled. It is argued that Minn.Stat. § 550.371 may be construed to be authorized legislation wherein the State of Minnesota partially "opts-out" of the federal exemption scheme.

■  The Bankruptcy Code has narrowly deferred to the interests of state legislation in the area of exemption claims. Section 522 of the Bankruptcy Code provides, in part:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place;

. . . .

11 U.S.C. § 522(b). State exemption statutes are incorporated into the federal bankruptcy scheme under section 522(b)(2) of the Bankruptcy Code. States are also permitted under section 522(b)(1) to deny to its debtors the federal exemptions enumerated in 11 U.S.C. § 522(d). Even where a jurisdiction has opted to deny its debtors the right to claim exemptions under section 522(d) of the Bankruptcy Code, the remaining subsections of 11 U.S.C. § 522 continue in effect. See the following decisions which have held that section 522(f) of the Bankruptcy Code remains in effect notwithstanding the fact that that state has "opted-out" of the federal bankruptcy scheme: *In re Maddox,* 713 F.2d 1526 (11th Cir.1983); *In re Miller,* 30 B.R. 819 (D.N.D.Tenn.1983); *Transouth Financial Corp. v. Paris,* 26 B.R. 184 (D.W.D.Tenn.1982); *O'Malley v. Rapi-*

dan *River Farm,* 24 B.R. 900 (D.E.D.Va. 1982). Similarly, section 522(m) remains effective when a state has chosen to opt-out of the federal bankruptcy scheme pursuant to 11 U.S.C. § 522(b)(1). Accordingly, even if the Court in this instance were to construe section 550.371 of the Minnesota Statutes as that State's attempt at partially opting out of the federal bankruptcy exemption scheme, this Court could not avoid the effect of section 522(m) by such a construction. Since the statutes of Minnesota have not denied to its residents the exemptions enumerated under section 522(d) of the Bankruptcy Code, this Court will not deny a debtor the right to claim his or her exemptions under section 522(d) of the Bankruptcy Code merely because his spouse has claimed her exemptions pursuant to the State statutes. Because of the irreconcilable conflict between these two statutes, section 550.371 of the Minnesota Statutes must be ruled unconstitutional. As one court has noted, "[E]ven though a statute may have been enacted with the best motives, if it is contrary to the Congressional intent set out in § 522 and the Bankruptcy Code generally, it is the duty of this Court to declare it unconstitutional as violative of the Supremacy Clause, Art. VI, Cl. 2 of the United States Constitution." *In re Jones,* 31 B.R. 20, 23 (Bkrtcy.W.D.Wash.1983). A number of courts have similarly found that section 522(m) of the Bankruptcy Code allows married joint bankruptcy petitioners independent exemption claims. *See In re Lee,* 22 B.R. 997 (Bkrtcy.C.D.Cal.1982); *In re Stacey,* 24 B.R. 97 (Bkrtcy.S.D.Cal.1982); *In re Pearl,* 29 B.R. 492 (Bkrtcy.E.D.N.Y.1983); *In re Jones,* supra.

Accordingly, and for the reasons foregoing,

IT IS ORDERED:

That the objections to the Debtors' claim of exemptions are DENIED.