**In re Michael Edward REISNOUR; Wanda Jean Reisnour; Reisnour's Truck Repair; B & R Truck Repair, Debtors.**

**Bankruptcy No. 84–05259.**

United States Bankruptcy Court, D. North Dakota.

March 28, 1985.

---

William Westphal, Minneapolis, Minn., U.S. Trustee.

Wayne Drewes, Fargo, N.D., Trustee.

David L. Johnson, Fargo, N.D., for Trustee.

Terence Paulson, Jamestown, N.D., for debtor.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

The Debtors, Michael and Wanda Reisnour, jointly filed on March 16, 1984, for relief under Chapter 7 of the Bankruptcy Code. On May 22, 1984, Wayne Drewes was duly appointed Trustee in the above-entitled bankruptcy case. The Trustee filed on November 19, 1984, an Objection to the Debtors' claims of exemptions. The Debtors filed with the Court on January 16, 1985, an Application requesting hearing on the Trustee's Objections to the exemption claims. A hearing to determine the propriety of the Debtors' exemption claims was held before the undersigned on January 30, 1985. The matter was taken under advisement by the Court, and the parties have filed post-hearing briefs on the issues raised. The Debtors filed an Amended Schedule of exemptions on February 8, 1985.

The Trustee, in his Objection filed with the Court on November 19, 1984, disputes the Debtors' exemption claims in three areas. First, the Trustee objects to the claim of the homestead exemption, arguing that since the homestead is joint tenancy property each Debtor should claim one-half of the equity in the property as exempt. The Trustee additionally objects to those exemption claims made by Wanda Reisnour under section 28–22–03.1(1), arguing that they are not proper since she must claim a homestead exemption under N.D.C.C. § 28–22–02(7). Finally, the Trustee generally objects to the exemptions claimed by Wanda Reisnour, claiming that Michael Reisnour, and not his wife, has the equity interest in the property which is attempted to be claimed as exempt property. The objections of the Trustee were directed towards an amended schedule of exemptions filed with the Court on October 25, 1984. In an attempt to cure the alleged defects raised by the Trustee, the Debtors filed a new schedule of exemptions with the Court on February 8, 1985. In the recent amendment to the exemption claims filed with the Court on February 8, 1985, Wanda Reisnour claims equity in real property as exempt under N.D.C.C. § 28–22–02(7). Within the same amended schedule of exemptions, Michael Reisnour claims his equity in insurance policies, tax refunds, automobiles, and other personal property as exempt under N.D.C.C. § 28–22–03.1(1). Wanda Reisnour no longer makes any exemption claim under N.D.C.C. § 28–22–03.-1(1). Because of the recent amendment to the Debtors' schedule of exemptions, the second and third bases for the Trustee's objection has been eliminated. The Court recognizes, however, that the Trustee's objection continues to exist where the most recent amended schedule failed to cure an

**408**

alleged defect raised by the Trustee. The Trustee has argued that a debtor should be precluded from claiming property as exempt under the "in lieu of homestead" exemption when that debtor's spouse has claimed equity in the homestead as exempt property. Wanda and Michael Reisnour are married Debtors who have jointly filed for bankruptcy relief. The Debtors have respectively claimed, as a portion of their exempt property, the equity in their homestead and also equity in personal property under the in lieu of homestead exemption permitted by section 28–22–03.1(1) of the North Dakota Century Code. Thus, in this instance, there continues to exist an issue before the Court as to whether the Reisnours may be permitted to concurrently claim a homestead exemption and exempt property under the in lieu of homestead exemption.

Under North Dakota statutes, a homestead is property which is absolutely exempt to the head of a family. N.D.Cent. Code § 28–22–01 (Supp.1983). The head of the family may be either a husband or wife in the case of married debtors. *See* N.D. Cent.Code § 28–22–01.1 (Supp.1983). Accordingly, married debtors need not both claim a homestead exemption. Further, a married debtor may claim as the homestead exemption property which he or his spouse may own separately. *See* N.D.Cent.Code § 47–18–03 (Supp.1983). Because only one spouse need claim the homestead exemption allowed under North Dakota statutes, the Debtors argue that the spouse who does not claim the homestead exemption is free to claim in his or her individual capacity the other exemptions permitted by North Dakota statutes.

■ Section 522(m) of the Bankruptcy Code provides, as follows:

This section shall apply separately with respect to each debtor in a joint case.

11 U.S.C. § 522(m). Section 522(m) contemplates that the exemption statutes are to be utilized by a debtor independent of the choices his spouse makes. *See In re Soby,* 37 B.R. 522 (Bankr.D.Minn.1984). Article VI, clause 2, of the United States Constitution, provides as follows:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

U.S. Const. art. VI, cl. 2. Under the Supremacy Clause of the United States Constitution, federal statutes enacted in a particular area control over state laws which are in conflict with the federal enactments. Bankruptcy is clearly a matter of federal law. U.S. Const. art. I, § 8, cl. 4.

■ A similar objection to exemption claims was brought before the Court in *In re Hartmann,* 19 B.R. 844 (Bankr.D.Neb. 1982). The court determined in that case that a debtor-wife was entitled to an in lieu of homestead exemption claim even though her debtor husband was entitled to a real estate homestead exemption. *In re Hartmann,* 19 B.R. at 846. While the court in *Hartmann* considered the effect of 11 U.S.C. § 522(m) on the debtors' claims of exemptions, it was persuaded by statements contained in the legislative history of the state exemption statutes to allow the respective exemption claims. *Id.* The statements by the Nebraska legislators indicated that the in lieu of homestead exemption was to be given "to all individuals regardless of marital or family status." *Id.* The legislative history which surrounds enactment of the in lieu of homestead exemption by the North Dakota legislature does not contain statements similar to those which supported the Nebraska statute.

■ The Court believes that if this Court were to follow the decision in *Hartmann,* joint married debtors would unfairly be given a benefit by the statutes which a single person could not obtain when that individual files for bankruptcy relief. In the situation of joint married debtors, both enjoy the benefit of a homestead exemption even though the North Dakota statutes allow only one debtor to claim the exemp-

tion. *See* N.D.Cent.Code § 28–22–01 (Supp.1983). If this Court were to apply the North Dakota exemption statutes in a manner similar to that of the court in *Hartmann,* joint married debtors would each not only benefit from a homestead exemption but would also jointly share in the benefits afforded by an in lieu of homestead exemption. A single debtor, however, would be restricted to choosing for his benefit either the homestead exemption or in lieu of homestead exemption. The Court must, to ensure that all individuals in North Dakota gain the same benefit from the exemption statutes, disallow an in lieu of homestead exemption to an individual where that person's spouse makes a homestead exemption claim. Further, the spouse's homestead exemption claim should include the legal description of the property in which the exemption is claimed.

Accordingly, and for the reasons stated,

IT IS ORDERED:

That the property claimed as exempt by Michael Edward Reisnour under N.D.C.C. § 28–22–03.1(1) are disallowed.