**In the Matter of Lynn M. KELLER, Sharon A. Keller, Debtors.**

**Bankruptcy No. BK85–751.**

United States Bankruptcy Court, D. Nebraska.

June 24, 1985.

Clifford C. Ruder, Omaha, Neb., for debtors.

Douglas Semisch, Omaha, Neb., for U.S.

MEMORANDUM AND ORDER

DAVID L. CRAWFORD, Bankruptcy Judge.

This matter comes on for hearing upon the application by the debtor to use cash collateral (Filing No. 3). The debtors, operators of a farming business, filed a petition under Chapter 13 of the Bankruptcy Code on April 5, 1985. The Fremont National

Bank is the holder of a security interest in the livestock, crops, machinery and equipment of Lynn Keller only. All of the above personalty serves as collateral for a promissory note in the amount of $38,150, for the debtors is from the sale of this grain; such sale, the debtors contend, will enable them to plant crops necessary to the continued operation of the debtors' business. The value of the Bank's collateral is $26,943, $13,538 of which represents the fair market value of the collateral grain. The United States of America is secured to $500 worth of the debtors' grain; however, the proceeds from that grain are not at issue here. The debtors are seeking to use some of the Bank's corn; and the matter has been settled between the Bank and the debtors except for the extent of the debtors' exemptions in certain property.

The controversy arises under Nebraska exemption law, § 25–1556 R.R.S. Neb. That state exemption law, applicable because Nebraska has opted out of the federal exemption statutes under 11 U.S.C. § 522, provides exemption for tools in the amount of $1,500. The debtors contend an exemption totalling $3,000 is available to a married couple filing jointly. The Bank, however, argues that only one exemption is available per family.

In pertinent part, Nebraska Statute § 25–1556 R.R.S. reads,

> No property hereinafter mentioned shall be liable to attachment, execution or sale on any final process issued from any court in this state, against any person being a resident of this state . . . all equipment or tools used by the debtor or his family for their own support not exceeding $1,500 in value. . . .

At Public Hearing on January 19, 1977, held by the Judiciary Committee of the Nebraska Legislature, a change was initiated in, among others, this so-called "Specific Exemption Provision." By that change, proposed at hearing and later enacted, the language ". . . and the head of the family . . ." was removed from § 25–1556,

leaving residency the only limitation to the exemption's availability.

As this Court has previously addressed in the case *In re Hartmann,* 19 B.R. 844 (1982) which dealt with the similarly-amended in-lieu-of Homestead exemption, the legislative history and the statutory language are conflicting. The legislative history indicates that elimination of the head-of-family requirement was not intended to affect the exemption laws as they apply to families. The effect of this interpretation would be to give each household a single exemption: a single homestead exemption or in-lieu-of homestead exemption and a single specific property exemption. The statutory language reads otherwise. The only remaining limiting language is ". . . any person being a resident of the state . . ." (§ 25–1556 Neb.Stat.).

No case law exists to aid in resolving this matter. However, an analysis of the legislative purpose of the Nebraska Exemption Statutes and a reading of Duncan, "Through a Trapdoor Darkly: Nebraska Exemption Policy and the Bankruptcy Reform Act of 1978," 60 *Neb.Law Review* 219 (1981), provide some guidance. According to those sources, the purpose of the amendment was to eliminate discrimination against non-heads of families such as widowers and widows and single individuals and to provide basic necessities so that individual debtors would not become wards of the state or county. [See Public Hearing on L.B. 60 Before the Committee on the Judiciary of the Nebraska Unicameral, January 19, 1977, 85th Legis., 1st Sess. 2 (1977); Duncan, *Op.Cit.,* 262, 263.]

Using Duncan's rationale and applying the literal statutory language, the Hartmann case granted in a jointly filed bankruptcy petition the husband head of household a homestead exemption under § 40–101 of the Nebraska Code and his spouse an in-lieu-of homestead exemption under § 25–1552, R.R.S., the "head of family" language having been deleted from the latter provision.

A similar reading flows from the concurrently amended Specific Exemption statute.

Any debtor, including each debtor of a couple filing a joint petition in bankruptcy, may claim a value not exceeding $1,500 in value for all equipment or tools. The only additional restriction is that such equipment or tools must be used by that individual debtor or by that individual debtor's family for their own support. This reading it seems to me gives effect both to the literal statutory language and to the legislative purpose because it provides to the two individual debtors who happen to be members of the same household the minimum level of equipment and tools for their subsistence.

Accordingly, the debtors and each of them are entitled to exempt $1,500 in value of tools and equipment for a total of $3,000 pursuant to § 25–1556 R.R.S. of the Nebraska Statutes (as amended 1977).

IT IS SO ORDERED.