**In the Matter of Junior C. NACHTIGAL and Janis Gaylene Nachtigal, Debtors.**

**Bankruptcy No. BK86–1122.**

United States Bankruptcy Court,
D. Nebraska.

Jan. 28, 1988.

**534**

Rick D. Lange of Rembolt, Ludtke, Parker & Berger, Lincoln, Neb., for creditor.

Clay B. Statmore, Lincoln, Neb., for debtors.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

THIS MATTER comes before the Court on the Objection to Debtors' Claim of Exemption by the Farmers State Bank & Trust Co., Aurora, Nebraska (Fil. # 69, July 14, 1987). A hearing was held on this matter on October 27, 1987. Rick D. Lange of Rembolt, Ludtke, Parker & Berger, Lincoln, Nebraska, represented the creditor. Clay B. Statmore, Lincoln, Nebraska represented the Debtors. A Stipulation of Facts was filed with the Court.

## FACTS

Junior and Janis Nachtigal, husband and wife, filed a joint petition in bankruptcy under Chapter 7 on April 16, 1987. Their principal creditor is the Farmers State Bank & Trust Co., ("Bank"). Junior Nachtigal is self-employed as a farmer. Janis Nachtigal is employed as a waitress and assists her husband in the farming operation. The Debtors have claimed the following property as exempt:

| TYPE OR PROPERTY | REFERENCE TO STATUTE CREATING THE EXEMPTION | VALUE CLAIMED |
|---|---|---|
| Household Goods and Personal Effects | § 25–1556 | $ 1,500.00 |
| 1956 Thunderbird | § 25–1552 | $ 5,000.00 |
| 1962 Ford Two-Ton Truck | § 25–1556 | $ 1,500.00 |
| 1967 Case 930 Tractor | § 25–1556 | $ 1,500.00 |

Although the Bank and Debtors do not agree on the values accorded these vehicles by Debtors, by stipulation, the parties have agreed that the property claimed as exempt shall be exempt only to the extent of the statutory limitations on value. Debtors own land which qualifies as a homestead under Neb.Rev.Stat. § 40–101 (Cum.Supp. 1986).

The Bank has two separate objections to the Debtors' claimed exemptions. First, the Bank believes that the Debtors are not entitled to any exemptions pursuant to Neb.Rev.Stat. § 25–1552 (Reissue 1984), because the Debtors have land subject to exemption as a homestead under the laws of the State of Nebraska. Second, the Bank contends that the Debtors are not entitled to claim both the truck and the tractor as exempt because these items collectively have a value greater than $1,500.00, and neither constitutes tools used by the Debtor, Janis Nachtigal for her own support or the support of her family.

## ISSUES

1. Whether a spouse may claim an in-lieu-of-homestead exemption under Section 25–1552 when the co-debtor spouse owns property which constitutes a homestead under Nebraska law.

2. Whether each spouse, in a joint petition, may claim the One Thousand Five Hundred and No/100 Dollars ($1,500.00) exemption for "equipment and tools" used in support of the family under Section 25–1556, when each spouse does not use the equipment.

## DISCUSSION

*Neb.Rev.Stat. § 25–1552*

■ Section 25–1552 provides an exemption of Two Thousand Five Hundred and

No/100 Dollars ($2,500.00), in personal property without restriction on the nature or purpose of the property. *See, Matter of Welborne,* 63 B.R. 23, 26 (Bkrtcy.D.Neb. 1986). The availability of the in-lieu-of-homestead exemption under the circumstances of this case has been previously ruled upon. *In the Matter of Hartmann,* 19 B.R. 844 (Bkrtcy.D.Neb.1982), addressed the issue of whether a wife in a joint bankruptcy case with her husband could claim the in-lieu-of-homestead exemption under Section 25–1552. In that case, Judge Crawford held that, in light of the legislative history of Section 25–1552, the wife was entitled to claim the in-lieu-of-homestead exemption under Section 25–1552 even though her husband has a real estate homestead consisting of property in which both husband and wife lived. Although a contrary holding could have been predicted upon early Nebraska Supreme Court decisions interpreting previous versions of the in-lieu-of-homestead exemption, Judge Crawford's decision was founded upon his interpretation of the statute as recently amended. The *Hartmann* decision has been followed in bankruptcy cases in Nebraska since 1982, and the Nebraska Supreme Court has not determined a case contrary to *Hartmann*. Accordingly, this Court will follow *Hartmann*.

In this case, one spouse would qualify as head-of-household and be entitled to assert the homestead exemption under Section 40–101. The spouse eligible to claim the homestead exemption under Section 40–101 may not claim the in-lieu-of-homestead exemption under Section 25–1552. It is well settled Nebraska law that the in-lieu-of-homestead exemption is not available to a head-of-household who owns a homestead property even though the property is mortgaged to full value. *See, e.g., State v. Townsend,* 17 Neb. 530, 23 N.W. 509 (1885).

Accordingly, the in-lieu-of-homestead exemption under Section 25–1552 may be claimed by whichever spouse is not "head-of-household." The exemption is limited to Two Thousand Five Hundred and No/100 Dollars ($2,500.00). The 1956 Thunderbird may be claimed as exempt under this provi-sion, but only to the extent of Two Thousand Five Hundred and No/100 Dollars ($2,500.00), and only if the vehicle is owned by the spouse entitled to the in-lieu-of-homestead exemption. (The Court notes that the 1955–57 vintage Ford Thunderbird is widely considered a classic automobile and that such vehicles have recently sold for as high as Twenty Thousand and No/100 Dollars ($20,000.00)). The Court does not hereby rule on the related issue of whether a security interest, if any, in the 1956 Thunderbird may be avoided under Bankruptcy Code § 522(f).

*Neb.Rev.Stat. § 25–1556*

■ In relevant part, Section 25–1556 provides an exemption for:

(1) The immediate personal possessions of the debtor and his family; and (2) all necessary wearing apparel of the debtor and his family; all kitchen utensils and household furniture, to be selected by the debtor, not exceeding in value fifteen hundred dollars; all equipment or tools used by the debtor or his family for their own support not exceeding fifteen hundred dollars in value; ....

The Bank has not objected to the Debtors' claimed exemption for household goods and personal effects and legal issues regarding the exemption are not before the Court.

As previously construed, Section 25–1556 permits each spouse in a joint bankruptcy to claim equipment and tools valued at One Thousand Five Hundred and No/100 Dollars ($1,500.00). *See, In the Matter of Keller,* 50 B.R. 23 (Bkrtcy.D.Neb.1985).

The Bank, however, contends that Mrs. Nachtigal should not be permitted to claim the exemption unless she shows that she uses the equipment for the support of herself or her family. The Bank misconstrues the statute. Mrs. Nachtigal may claim equipment as exempt if she or her family uses the equipment for their own support. Section 25–1556. The exemption is not limited to equipment used by the party claiming the exemption. The statutory qualifications are met if a member of Mrs. Nachtigal's family uses the equipment for "their

own support." The fact that Mrs. Nachtigal is a waitress with income, and that she does not personally use the equipment, is not relevant to Section 25–1556.

Accordingly, Mr. and Mrs. Nachtigal may each claim a One Thousand Five Hundred and No/100 Dollars ($1,500.00) exemption for equipment under Section 25–1556. One spouse may claim the Ford Two–Ton Truck as exempt to the extent of One Thousand Five Hundred and No/100 Dollars ($1,500.00), in value, and other spouse may claim the 1967 Case 930 Tractor as exempt to the extent of One Thousand Five Hundred and No/100 Dollars ($1,500.00), in value.

## CONCLUSION

The objection of the Bank to the exemption claimed by the Debtors is overruled.