**In the Matter of Monte COONROD
and Susan Coonrod, Debtors.**

**Bankruptcy No. BK91–40632.**

United States Bankruptcy Court,
D. Nebraska.

Nov. 8, 1991.

---

Timothy K. Olson, Lincoln, Neb., for debtors.

Kathleen A. Laughlin, Omaha, Neb., Chapter 13 standing trustee.

Patricia A. Dugan, Omaha, Neb., Asst. U.S. Trustee.

John Stonitsch, Kansas City, Mo., U.S. Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case came before the court to consider confirmation of the debtors' proposed Chapter 13 plan. Timothy Olson appeared on behalf of debtors. Ms. Kathleen Laughlin appeared as Chapter 13 Trustee. The plan is not confirmed because the best interest of creditors test is not satisfied and because debtor has claimed exemptions vastly in excess of the statutory limitation.

The confirmation hearing was scheduled under 11 U.S.C. § 1324 upon affidavit evidence. The order scheduling the hearing stated that debtors had the burden of proving all the requisites to confirmation, including satisfaction of the requirements of 11 U.S.C. §§ 1332 and 1325. Debtors were to provide notice of the hearing and of the plan to all creditors. The order also required the Chapter 13 standing trustee to attend and be heard pursuant to 11 U.S.C. § 1302(b). See, *In re Perskin*, 9 B.R. 626 (Bkrty.N.D.Tex.1981).

Prior to issuance of the order scheduling the confirmation hearing, the trustee filed a motion specifically requesting entry of a confirmation order. The trustee's motion states that upon "faith and belief" no objection to confirmation had been filed and that the plan should be confirmed. However, the trustee's motion falls short of containing a specific confirmation recommendation. The trustee filed no objection to confirmation.

I conclude that plan should not be confirmed because if fails to comply with 11 U.S.C. § 1325(a)(4), which precludes confirmation unless:

the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

■ Satisfaction of § 1325(a)(4), which is referred to as the "best interest of creditors' test," is a fundamental condition to confirmation. It assures that creditors will be paid, at minimum, the amount which they would be paid if the case was a Chapter 7 liquidation. Chapter 13 is advantageous to debtors because they retain all their assets, including non-exempt assets, and make payments to creditors over a period of time during which debtors enjoy the protection afforded by bankruptcy law. This benefit to debtors is carefully balanced by the best interest of creditors' test of § 1325(a)(4). Under this statutory *quid pro quo* the debtor keeps his or her assets and creditors are assured of receiving what they would be paid in a Chapter 7 liquidation.

■ In order to determine compliance with the best interest of creditors test: a hypothetical liquidation of the debtor's estate under Chapter 7 on the "effective date of the plan" must be compared to the value on "the effective date of the plan" of what the debtor proposes to distribute to the holders of allowed unsecured claims. A mathematical calculation must be made of the value of what would be available for distribution to unsecured claim holders in a Chapter 7 case. The debtor's proposed distributions to unsecured claim holders must be "present valued" (discounted) as of the effective date of the Chapter 13 plan. Keith M. Lundin, *Chapter 13 Bankruptcy* § 5.25 (1990).

The best interest of creditors' test is not satisfied in this case because of equity in the debtors' home. Debtors attempted to shield the equity by claiming exemptions not allowed under Nebraska law.

■ In completing a hypothetical liquidation analysis under § 1325(a)(4) to determine how much an unsecured creditor would be paid in Chapter 7, exempt property is excluded since creditors would not be paid any funds from such property in a Chapter 7 case. The assertion of an exemption has a direct impact upon the hypothetical Chapter 7 liquidation analysis. The greater the claimed exemption, the lesser will be the required payments to unsecured creditors.

On the facts of this case, the debtors have asserted the homestead exemption four times for a total of $54,545.00. The claimed exemptions are not supported by Nebraska law. Indeed, the asserted exemptions could not be claimed under a reasonable extension of Nebraska law. See, Rule 11, Fed.R.Civ.P.

■ Under 11 U.S.C. § 522(b)(1), debtors in this case are entitled to assert the Nebraska exemptions. The Nebraska homestead exemption is available only to a head of household and it is limited to $10,000.00. See Neb.Rev.Stat. § 40–101 (Reissue 1988). If a head of household does not have a homestead, a $2,500.00 in lieu of homestead exemption can be claimed under Neb.Rev. Stat. § 25–1552 (Reissue 1989). Decisional law makes clear that when a husband and wife file a joint bankruptcy case, the head of household may claim the homestead exemption and the other spouse may claim the in lieu of homestead exemption. At most, each exemption may be asserted once for an aggregate exemption of $12,500.00. *See In re Nachtigal,* 82 B.R. 533 (Bankr. D.Neb.1988).

■ When the best interest of creditors' test is applied on the facts of this case using a single $10,000 homestead exemption as is permitted by Nebraska law, it appears that there is equity in the property or properties which would be available for payments to unsecured creditors in a hypothetical Chapter 7 case. Under the proposed plan in this case, a total of $13,860.00 will be paid to the trustee. The $13,860.00 will be applied to the payment of attorneys fees, trustee statutory fee, and to the claims of secured creditors. No payments are proposed to be made to unsecured creditors. Since the unsecured creditors in this Chapter 13 case will receive nothing, and in a hypothetical Chapter 7 case they would be entitled to some payments, the debtors have not established that the best interest of creditors' test is satisfied. The plan cannot be confirmed at this time.

The Chapter 13 trustee did not object to confirmation of this plan. Nor did the Chapter 13 standing trustee object to the claimed exemptions in this case. The Chapter 13 trustee gave no satisfactory explanation as to why no objections were filed. If this plan had been confirmed it would have deprived unsecured creditors of payments to which they were entitled under § 1325(a)(4) as a condition to confirmation. This case, like several others, reflects a system failure in Nebraska Chapter 13 cases which needs the immediate attention of the United States Trustee and standing trustee to assure that Chapter 13 is not abused and that unsecured creditors be paid the amount to which they are entitled.

On the facts of this case, it is unclear whether debtors own one or two tracts of real estate. Debtors' valuation of the real estate is also unclear.

Within fourteen (14) days, debtors shall file amended schedules which claim exemptions in compliance with Nebraska law, identify debtor's real estate and location thereof, and identify all claims secured by the real estate.

Within said fourteen (14) days, debtors shall also file an amended plan with supporting affidavits, which shall include a hypothetical Chapter 7 liquidation analysis.

For the reasons stated herein, the plan is not confirmed.

IT IS SO ORDERED.