**In the Matter of Charles & Maria Ana ROBERTS, Debtors.**

**Bankruptcy No. BK97–80330.**

United States Bankruptcy Court.
D. Nebraska.

Nov. 6, 1997.

John V. McNamara, Ohaha, NE, for Debtors.

James J. Stumpf, Omaha, NE, trustee.

*ORDER*

TIMOTHY J. MAHONEY, Chief Judge.

*Background*

On July 2, 1997, a memorandum opinion in this case was filed which determined that a married person could claim a homestead exemption under the Nebraska statutes on the basis of the person's marital status, alone, without reference to the person's qualification as a "head of family" is that term is defined in Section 40–115 of the Nebraska statutes. The opinion also determined on the facts of this case, that the debtors had not abandoned their homestead.

The memorandum opinion is now published at 211 B.R. 696.

The trustee has filed a "Motion for Order Amending Judgment Pursuant to Fed. R. Bankr.P. 9023," which motion has been resisted by the debtors.

It is the position of the trustee that the court's decision "fails to follow and is contrary to the Nebraska Supreme Court's judicial interpretation of the Homestead Act that

has been in place for the last century, and this Court's interpretation of the Homestead Act in the above-captioned case is inconsistent with and effectively overrules all prior decisions of this Court over the past fifteen years concerning the question presented in this case."

*Decision*

After a complete review of all of the cases cited by the trustee, plus numerous other Nebraska Supreme Court decisions, it is still the opinion of the undersigned that the right to a homestead exemption is granted by statute and by Nebraska Supreme Court decisions to a married person solely on the basis of the marital status.

In addition, it is still the opinion of the undersigned that the Nebraska courts do not deem a homestead abandoned simply because the claimants, at the time the claim of homestead exemption is made, such as on the bankruptcy petition date, intend to sell the property. Therefore, the motion filed by the trustee is overruled.

*Discussion*

The trustee cites numerous cases from the bankruptcy court for the District of Nebraska which, the trustee argues, "have universally held for the past fifteen years that only a claimant qualifying as 'head of family,' *irrespective of marital status,* may claim the Nebraska homestead exemption." Actually, although the bankruptcy decisions discuss the "Ahead of family" requirement, they are not cases in which it is clear that the married debtors are without non-spouse dependents.

In *In re Hartmann,* 19 B.R. 844 (Bankr. D.Neb.1982), the opinion, without explaining whether the Hartmans, a married couple, had dependents, and, therefore, would qualify under the amended version of Section 40–115 of the Nebraska Statutes, simply recited, "This court concludes that it is established law in Nebraska that only 'heads of families' are entitled to a Nebraska real estate homestead exemption under Section 40–101. In the instant proceeding, consequently, Randall Hartman, but not Michelle Hartman, is entitled to a real estate homestead exemption of $6,500.00 in the real estate under consider-

ation." It should here be noted that at the time of the *Hartmann* decision no Nebraska statute provided that the male spouse was deemed head of family. Therefore, the conclusion that Mr. Hartman was head of family and, consequently, could claim the homestead exemption, but that Mrs. Hartman could not claim the homestead exemption and was left to the "in lieu of homestead provision" did not exactly track statutory language. Instead, it relied upon old, uncited cases, which followed the prior statutory language of Section 40–115(1), which did deem the husband as a "head of family."

Thereafter, every other bankruptcy decision in the District of Nebraska that touched upon the issue of who could claim a homestead exemption relied upon the *Hartmann* language. In the case of *In re Foulk,* 134 B.R. 929 (Bankr.D.Neb.1991), the opinion does not tell us if the married couple had dependents. The case did not turn upon the issue of who could claim a homestead exemption, but was concerned with the total amount of the exemptions which could be claimed by a husband and wife filing a joint bankruptcy petition. The opinion also did not refer to or rely specifically upon the language of Section 40–115 for its dicta that "The Nebraska homestead exemption is available only to a head of household and is limited to $10,000.00." Its authority for such dicta is the case of *In re Nachtigal,* 82 B.R. 533 (Bankr.D.Neb.1988) which also was not a case that dealt with the issue of who could claim a homestead, and which relied upon the language of *Hartmann,* without focusing on the actual "head of family" requirements in Section 40–115.

Similarly, *In re Coonrod,* 135 B.R. 375 (Bankr.D.Neb.1991), a case which did not deal with the issue of who may claim a homestead exemption, used similar language to *Hartmann* and made no specific reference to the current version of Section 40–115. There is also nothing in the *Coonrod* opinion which informs us whether this married couple had any dependents.

The same can be said for *In re McCormick,* Neb. Bkr. 91:604 (Bankr.D.Neb.1991),

and *In re Hunzeker*, Neb. Bkr. 91:607 (Bankr.D.Neb.1991)

In *In re Callahan*, Neb. Bkr. 94:49 (Bankr. D.Neb.1994), an opinion written by this judge, there is no reference to the existence of any dependents and, under the theory proposed by the trustee, the case was incorrectly decided. That is, without evidence of non-spouse dependents, the debtor spouse in a family unit with no dependents as defined under Section 40–115, should have been permitted to claim the "in lieu of homestead exemption" which the *Callahan* opinion denied him.

In *In re Kouth*, Neb. Bkr. 93:234 (Bankr. D.Neb.1993), the undersigned relied on a 1951 case dealing with the homestead statutes prior to their amendment. The opinion used the same standard language as in the other cases, that a homestead claimant must be a head of family, but did not refer specifically to Section 40–115 as it existed at the time the opinion was written. The reference to "head of family" was not necessary to the decision because Mrs. Kouth had a dependent child living with her on the property and, therefore, qualified as head of family.

In *In re Wisehart*, Neb. Bkr. 94:553 (Bankr.D.Neb.1994), and in *In re Allison*, Neb. Bkr. 97:181 (Bankr.D.Neb.1997), the debtors were both single persons who qualified as "head of family" and the issue of whether a married person without dependents listed in Section 40–115 could claim a homestead exemption was not before the court.

The Nebraska Supreme Court, in *Landon v. Pettijohn*, 231 Neb. 837, 438 N.W.2d 757 (1989), has interpreted the homestead statute in exactly the same manner as the undersigned has done in this case. First, the Supreme Court reviewed the language of the statutory section which determines who may claim a homestead. It stated:

In regard to the requirement that property be owned by a married person, we begin our analysis by noting the pleadings conclusively establish that the appellees owned the property and that the uniform purchase agreement, submitted with the pleadings, was signed by Raymond and Wendy Pettyjohn. Neb.Rev.Stat. Section 40–102 (Reissue 1988), governing the selection of property for homestead status, provides:

If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent of the wife from her separate property, When the claimant is not married, but is the head of family within the meaning of Section 40–115, the homestead may be selected from any of his or her property.

This statute, in addition to delineating which property may be selected as the homestead, defines the persons who are entitled to make the selection. Under Section 40–102, a homestead can only arise where the claimant is married, or, if not married, where the claimant is the head of family as defined by Neb.Rev.Stat. Section 40–115 (Reissue 1988).

The court was reviewing the statutory language and the actual requirements on the issue of who could claim a homestead exemption because the trial court had found that Pettyjohns had a homestead and had not complied with the provisions of Section 40–104 which required that any contractual documents dealing with the conveyance of a homestead must be signed and acknowledged by both the husband and the wife. The Supreme Court did not impose a "head of family" requirement to qualify a homestead claimant.

■ It is clear both from the statute, Section 40–102, and the Nebraska Supreme Court interpretation of the statute in *Landon v. Pettijohn*, that married couples, with or without dependents as defined in Section 40–115 may claim a homestead and a single person, with dependents as defined in Section 40–115 may claim a homestead.

■ Concerning the trustee's argument that once one decides to sell property which has homestead characteristics, one is deemed to have abandoned such homesteads, there is absolutely no authority for such a position and plain language of Section 40–116 is inconsistent with such a position. That statute states:

If the homestead be conveyed by the claimant, or sold for the satisfaction of any lien mentioned in Section 40–103, the proceeds of such sale, beyond the amount necessary to the satisfaction of such lien, and not exceeding the amount of the homestead exemption, shall be entitled, for a period of six months thereafter, to the same protection against legal process and the voluntary disposition of the claim which the law gives to the homestead. The sale and disposition of one homestead shall not be held to prevent the selection or purchase of another, as provided in Sections 40–101 to 40–116.

As mentioned in the original opinion, a homestead can be abandoned, but the factual basis for a determination that there has been an abandonment cannot solely be that the parties intended to and eventually did sell the property.

The motion for order amending judgment is denied.

Separate journal entry to be filed.