In re James Edward EMMERICH and Ann Louise Emmerich, Appellants,

v.

Bill H. LAMPI, Trustee, Appellee.

Arthur Gary DILL and Claudia Lee Dill, Appellants,

v.

Bill H. LAMPI, Trustee, Appellee.

Gerald A. AGUILAR and Lorretta Aguilar, Appellants,

v.

Bill LAMPI, Trustee, Appellee.

Bankruptcy Nos. NC 81–1014 KVL, NC 81–1015 and NC 81–1023.

United States Bankruptcy Appellate Panels Of The Ninth Circuit.

Argued April 16, 1981.

Decided Jan. 21, 1982.

April 27, 1982.

Robert L. Ward, Ward & Rinn, Oakland, Cal., for appellants.

Bill H. Lampi, Hayward, Cal., for appellee.

Before KATZ, VOLINN and LASAROW, Bankruptcy Judges.

## OPINION

KATZ, Bankruptcy Judge:

This appeal is a consolidation of three cases which were decided together in the trial court. The sole question to be decided is whether joint debtors may "stack" their exemptions by one spouse claiming property which is exempt under California law, while the other spouse claims property exempt under Federal law.

The debtors, ARTHUR and CLAUDIA DILL, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on December 6, 1979. Their schedules disclosed a family home with a stated value of $42,000, encumbrances of $25,900, for a net equity of $16,100. The wife claimed California exemptions, including a $30,000 homestead exemption pursuant to Civil Code Sec. 1238 et seq. The husband claimed Federal exemptions authorized by the Bankruptcy Code, including under 11 U.S.C. § 522(d)(5) certain cash on hand, checking account funds, savings account funds, and a blanket claim to other assets, such as tax refunds.

The debtors, JAMES and LOUISE EMMERICH, filed bankruptcy on December 5, 1979. Their schedules disclosed a family home with a stated value of $75,000, encumbrances of $38,409, for a net equity of $36,591. The husband claimed California exemptions, including a homestead exemption of $40,000. The wife claimed Federal exemptions, including funds in bank, wages, 1979 tax refunds, equity in the home of $2,500, and equity in a car of $1,050, all under the Federal homestead exemption and 11 U.S.C. § 522(d)(5).

The debtors, GERALD and LORRETTA AGUILAR, filed bankruptcy on November 19, 1979. Their schedules disclosed a family home with a stated value of $75,400, encumbrances of $67,005, for a net equity of $8,395. The wife claimed California exemptions, including a $30,000 homestead exemption. The husband claimed Federal exemptions under 11 U.S.C. § 522(d)(5), including

funds in savings and loan accounts, bank accounts, and 1979 tax refunds.

The court below fashioned a ruling which it hoped would give full effect to 11 U.S.C. § 522(m) and the spirit of the California homestead law. The court held that to the extent a debtor's equity in his residence has been protected by the California homestead exemption, whether claimed by the debtor or his spouse, the residential exemption provided by 11 U.S.C. § 522(d)(1) has been used within the meaning of 11 U.S.C. § 522(d)(5). The practical effect of the ruling was to allow joint debtors to claim both state and federal exemptions but limited the ability of the spouse claiming federal exemptions to receive the full benefit of 11 U.S.C. § 522(d)(5).

Case law has been inconsistent on the issue of "stacking" of exemptions. The cases of In re Matter of Brosius, 7 B.R. 811 (Bkrtcy.C.D.Calif.1980); In re Ancira, 5 B.R. 673 (Bkrtcy.N.D.Calif.1980) and In re Collins, 5 B.R. 675 (Bkrtcy.N.D.Calif.1980) all basically held that joint debtors may claim both state and federal exemptions and may cumulate the exemption amounts in the same property. The cases of In re Skipwith, 9 B.R. 730 (Bkrtcy.S.D.Calif.1981), In re Scott (unpublished opinion, S.D.Cal.No. 80–00732–K, Oct. 28, 1980) and In re Ageton, 5 B.R. 323 (Bkrtcy.Ariz.1980) (construing Arizona law) held that where one spouse claims a state joint homestead exemption the other spouse must also joint in the claim of state exemptions. These decisions precluded the election of federal exemptions where a joint state homestead was claimed. Another case outside the current jurisdiction of this panel, In re Lowe and James, 7 B.R. 248 (Bkrtcy.E.D.Wash.1980), has held that debtors may claim both state and federal exemptions, however, the state homestead amount must be reduced by the amount which the spouse utilizing federal exemptions has claimed exempt.

The Ninth Circuit Bankruptcy Appellate Panels recently decided the appeal of In re Ageton, 14 B.R. 833 (9th Cir. Bkrtcy.App. 1981). Therein the operation of 11 U.S.C. § 522(d) and its interaction with state law were discussed at length. The decision of the Panel reversed the lower court and held that joint debtors may claim both state and federal exemptions regardless of whether state law requires both spouses to join in a state homestead declaration. The Panel reasoned that state exemptions and federal exemptions are totally separate and distinct exemptions.

The Panel further held that state exemptions and federal exemptions are exclusive of each other and therefore can both be claimed in the same property in an aggregate amount of the two. The practical effect of the Ageton, supra, decision is to allow "stacking" of exemptions.

After reviewing the facts herein and applicable California law we find that this Panels' decision in In re Ageton, 14 B.R. 833 (9th Cir. Bkrtcy.App.1981) is also applicable in California. Contrary to the decision of the trial court below the debtors may claim state exemptions and then may claim federal exemptions without reduction for any amounts claimed exempt under state law.

In accordance herewith the decision of the court is reversed and remanded for proceedings in accordance herewith. To the extent the above cited California cases are inconsistent with this opinion and the decision in In re Ageton, 14 B.R. 833 (9th Cir. Bkrtcy.App.1981) they are hereby overruled.

REVERSED.