In re Theodore LEE and Alice Lee, Debtors.

In re Bobby L. RENFRO and Lois Jean Renfro, Debtors.

Bankruptcy Nos. LA–82–06275(CA), LA–82–03248(CA).

United States Bankruptcy Court, C. D. California.

Sept. 16, 1982.

Leslie A. Cohen of Robinson, Wolas & Diamant, Los Angeles, Cal., for trustee.

David J. Landecker, Santa Barbara, Cal., for debtors.

## MEMORANDUM OF DECISION

(Trustee's Objection to Claims
of Exemptions)

CALVIN K. ASHLAND, Bankruptcy Judge.

### INTRODUCTION

At issue in both of these cases is whether California Code of Civil Procedure (CCP) Section 690(b) conflicts with 11 U.S.C. Section 522(b), or whether California has effectively declined to authorize the federal exemption scheme as provided for in § 522(b)(1).

### FACTS

Alice M. and Theodore H. Lee filed a joint Chapter 7 petition on April 19, 1982. Mr. Lee claimed exemptions under California law including a dwelling house exemption as authorized pursuant to CCP § 690.-31; Mrs. Lee claimed federal exemptions pursuant to § 522. On June 8, 1982 the trustee in bankruptcy objected to the Lees' claimed homestead exemptions.

Bobby L. and Lois Jean Renfro filed a joint Chapter 11 petition on March 1, 1982. The case was converted to a Chapter 7 on April 8, 1982. Mr. Renfro claimed certain exemptions under California law including a homestead exemption; Mrs. Renfro claimed property exemptions under federal law pursuant to § 522. On July 9, 1982 the trustee objected to the Renfros' claimed exemptions.

In both the Lee and Renfro cases the trustee objected to the joint petitioners claiming exemptions under both state and federal law. The trustee argued that CCP § 690(b)(1) effectively prevents joint petitioners from claiming under both federal and state exemption schemes. The cases were consolidated for hearing purposes on the trustee's objections and a hearing was held on August 19, 1982. Leslie A. Cohen of Robinson, Wolas & Diamant appeared for the trustee. David J. Landecker appeared for debtors Lee and Renfro.

### DISCUSSION

#### MAY JOINT PETITIONERS CLAIM BOTH FEDERAL AND STATE EXEMPTIONS?

Section 522(b) sets up an option for debtors, allowing them to choose either those exemptions enumerated in § 522(d) or those provided by relevant state statute.

Section 522(m) specifically states that § 522 "shall apply separately with respect to each debtor in a joint case." There can be no question that each debtor in a jointly filed case may elect either the federal or state exemption programs. *In re Ageton,* 14 B.R. 833 (9th Cir. Bkrtcy. App. 1981); *Matter of Cannady,* 653 F.2d 210 (5th Cir. 1981); *Cheeseman v. Nachman,* 656 F.2d 60 (4th Cir. 1981); 3 Collier on Bankruptcy ¶ 522.04 (15th Ed. 1978).

## HAS CALIFORNIA EFFECTIVELY DECLINED TO AUTHORIZE THE FEDERAL EXEMPTION SCHEME AS PROVIDED IN 11 U.S.C. § 522(b)(1)?

The question then becomes whether California has effectively declined to authorize the federal exemptions provided in § 522(d). Section 522(b)(1) allows a state the opportunity to decline to authorize the federal exemption scheme and adopt its own list of allowable exemptions. California purports to do this in CCP § 690(b), which provides:

> [p]ursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code are authorized in this state as follows:
>
> (1) When a husband and wife are joined in a petition filed under Title 11 of the United States Code, they jointly may elect to utilize the applicable exemption provisions under this chapter or under subsection (b) of Section 522 of Title 11 of the United States Code, *but not both.* (Emphasis added.)

Clearly, § 522(m) and CCP § 690(b)(1) conflict. Section 522(m) specifically allows joint petitioners each to take advantage of the option provided for in § 522(b). Section 690(b), though, disallows such action on the part of joint petitioners.

 California Code of Civil Procedure § 690(b) is not the type of option which § 522(b)(1) envisions. Congress intended for states, if they so choose, fully to reject the federal exemptions and in their place adopt their own. CCP § 690(b) is a partial veto of the federal exemptions. California does not reject the exemptions listed in 522(d) and substitute its own list of exemptions. Rather, California offers joint petitioners a choice of either the federal exemptions or those adopted by the state, but not both. This is in direct conflict with 522(m), which specifically guarantees joint petitioners the right each to select his or her exemption.

The intention of Congress was not to create in the states the power to make the bankruptcy laws for its residents. The intention was solely to allow the states to "not authorize" the use of § 522(d) exemptions for all of that state's residents. The California legislature, by altering the federal scheme, interferes with the Congressional intent in formulating § 522. In the case of *In re Brents-Pickell,* 12 B.R. 352 (Bkrtcy. S.D. Cal., 1981), the Bankruptcy Court held that the:

> Bankruptcy Code grants each debtor the right to separately choose which body of exemption laws apply, either federal or state. If the state residential exemption law is in conflict with this choice granted by Congress to each spouse, then state law must give way to the Federal Bankruptcy Code. U.S. Constitution, Art. VI (Supremacy Clause).

12 B.R. at 357. California has gone far beyond the contemplation of the "decline to authorize" language in § 522. It has materially altered the rights of joint petitioners in direct conflict with federal law. Congress' intention is clear in § 522(m), as it is in § 522(b)(1). Since § 522 specifically allows each debtor a choice between state and federal exemptions unless the state's legislature has properly made § 522(d) exemptions unavailable to all of its residents, CCP § 690(b) is contrary to the Congressional intent set out in § 522, and as such is unconstitutional as violative of the Supremacy Clause, Art. VI, Cl. 2, of the United States Constitution.

## CONCLUSION

For the reasons stated above, the schedules of exemptions for Mr. and Mrs. Lee and Mr. and Mrs. Renfro are hereby approved.

This memorandum of decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. A separate order will be entered.