In re William E. STACEY and Marjorie A. Stacey, dba William Stacey Custom Harvesting, Debtors.

Bankruptcy No. 82–01742–K–7.

United States Bankruptcy Court, S. D. California.

Oct. 5, 1982.

Plourd, Blume, Scoville, Strickland & Breeze, El Centro, Cal., for debtors.

## MEMORANDUM OF OPINION RE: TRUSTEE'S OBJECTIONS TO CLAIM OF EXEMPTIONS

HERBERT KATZ, Bankruptcy Judge.

On September 27, 1982, this court entered an order declaring § 690(b)(1) of the California Code of Civil Procedure unconstitutional as being in violation of the Supremacy Clause of the United States Constitution. This memorandum is issued to explain that ruling.

These debtors filed a joint voluntary Chapter 7 proceeding on April 28, 1982.

Mr. Stacey elected to claim certain properties as exempt under state law, while Mrs. Stacey selected the federal exemptions provided in 11 U.S.C. § 522(d). The basis of this splitting of exemptions was 11 U.S.C. § 522(m), which provides:

"(m) This section shall apply separately with respect to each debtor in a joint case."

This section, that is, 11 U.S.C. § 522, provides for an election of either the exemptions permitted by the laws of the state wherein the debtor is domiciled at the date of the filing of the petition [§ 522(b)(2)(A)] or property specified in subsection (d) [§ 522(b)(1)]. Since the section applies separately to each debtor in a joint case, the claim is that each may choose one or the other scheme of exemptions. The validity of that argument was sustained in *In re Ageton,* 14 B.R. 833 (9th Cir. Bkrtcy.App. 1981).

11 U.S.C. § 522(b)(1) also permits the states to "opt out" of the federal exemption scheme, by permitting the states to determine that none of the exemptions set forth in 11 U.S.C. § 522(d)(1)–(11) may be claimed by a debtor who files a bankruptcy petition while domiciled in that state.

The State of California, in 1981, enacted Code of Civil Procedure § 690(b)(1) and (2). The sum and substance of those sections is to deny the debtors domiciled in California the right to select either the state or federal exemption and forces them, as a single unit, to select one or the other. Under that section, the claims made by these debtors would be improper. Based on § 690(b)(1), the trustee has objected to the exemptions claimed on the ground that these debtors must choose one or the other of the permitted exemption schemes, but not both.

The debtors took exception to the trustee's objections, alleging that § 690(b)(1) of the California Code of Civil Procedure is unconstitutionally invalid as not permitted by 11 U.S.C. § 522(b)(2), and therefore violative of the Supremacy Clause of the United States Constitution.

Pursuant to 28 U.S.C. § 2403(b), this court certified the constitutional challenge to the Attorney General of the State of California and set a hearing thereon for August 27, 1982. The Attorney General failed to appear at that hearing, nor were any legal briefs filed on the issue.

Article I, Section 8, of the United States Constitution gives to the Congress a mandate to establish "uniform laws on the subject of bankruptcies throughout the United States." That provision prevents states from eroding the bankruptcy power by enacting any legislation contrary to its express grant of authority.

This prohibition, based on the Supremacy Clause is the cornerstone of our federal constitutional government. *McCulloch v. Maryland,* 4 Wheat. 316, 4 L.Ed. 579 (1819).

§ 690(b)(1) of the Code of Civil Procedure of California must be analyzed in light of the above principle.

In the exercise of its constitutional mandate, Congress permitted the states to pass legislation on bankruptcy in a very narrow area. It permitted the states to adopt, if they so chose, legislation which does not authorize debtors domiciled within their borders to avail themselves of the provisions of § 522(d)(1)–(11). That is the only area in which Congress authorized the states to act.

Congress did not permit the states any legislative rights as to any other provision of the Bankruptcy Code. Therefore, California's attempt to negate the availability of § 522(m) to debtor domiciliaries is be-

yond the congressional grant and must be struck down. To hold otherwise would permit state legislatures to tinker with any provision of the Bankruptcy Code not to their liking. This would create chaos in bankruptcy administration and violate the very foundation of our federal system.

§ 690(b)(1) of the California Code of Civil Procedure is hereby struck down as being unconstitutional.