In re Abel S. GARRIDO and Josephine
P. Garrido, Debtors.

In re Antonio S. GARRIDO and Eloisa
B. Garrido, Debtors.

In re Darrell Lynn PENDLEY and
Justina Mae Pendley, Debtors.

Bankruptcy Nos. 83–03369–M7,
83–03368–M7 and 83–03545–P7.

United States Bankruptcy Court,
S.D. California.

Oct. 4, 1984.

Andrew S. Krutzsch, Brawley, Cal., for trustee.

John A. Morrow, Jr., El Centro, Cal., for debtors.

## OPINION

ROSS M. PYLE, Chief Judge.

### BACKGROUND

In these cases, husband and wife filed a joint voluntary petition under Chapter 7 of the Bankruptcy Code. In each case one spouse claimed exemptions under California law, including a homestead exemption under California Code of Civil Procedure § 704.710, *et seq.*, and the other claimed federal exemptions pursuant to 11 U.S.C. § 522(d).

The trustee has objected to the joint petitioners' claims of both federal and state exemptions and argued that these simultaneous claims were contrary to the provisions of California Code of Civil Procedure § 703.130. The debtors countered with the assertion that CCP § 703.130 was in conflict with 11 U.S.C. § 522(m), and therefore was unconstitutional as violative of the Supremacy Clause, U.S. CONST., art. VI, Cl.2.

The cases were consolidated for hearing; and pursuant to 28 U.S.C. § 2403(b), the challenge to the constitutionality of CCP § 703.130 was certified to the Attorney General of California. The Attorney General did not appear.

### DISCUSSION

The practice of "exemption stacking," to which the Trustee in these cases objects, has arisen because of 11 U.S.C. § 522(b) and § 522(m). Section 522(b) allows individual debtors the choice of those exemptions provided by state exemption statutes

and federal non-bankruptcy exemptions, or those exemptions set forth in § 522(d). Section 522(m) succinctly states that the provisions of § 522 are to be applied separately in a joint case. The combined effect of these two subsections is clear; each joint debtor may choose to elect federal or state exemptions and one debtor's choice imposes no limitation on the joint debtor.

In 1981, California enacted CCP § 690(b)(1) and (2) in an effort to neutralize the "stacking" effect of the two subsections of § 522 and to force joint debtors to choose their exemptions in common.[1] This statute, CCP § 690(b)(1) and (2), was declared unconstitutional and in violation of the Supremacy Clause by the courts in *In re Lee*, 22 B.R. 977 (Bkrtcy.C.D.Cal., 1982) and *In re Stacey*, 24 B.R. 97 (Bkrtcy.S.D. Cal., 1982). In reaching their conclusions, both courts noted that Congress had conferred upon the states very limited authority to legislate in the bankruptcy area, 22 B.R. at 979; 24 B.R. at 98. This narrow authority is found in 11 U.S.C. § 522(b)(1) which allows a state to decline to authorize the use of the federal bankruptcy exemptions found in 11 U.S.C. § 522(d). In electing the "opt out" provision of § 522(b)(1), a state is only permitted to fully reject the federal bankruptcy exemptions of § 522(d) and to limit debtors domiciled within the state to elect state and non-bankruptcy fed-

eral exemptions, 22 B.R. at 979, 24 B.R. at 98. Thus, the statute relied upon by the trustee to object to the joint debtors exemptions, CCP § 703.130, must be examined in light of these restraints imposed by Congress.

The statute in question, CCP § 703.130, arises out of California's comprehensive overhaul of The Enforcement of Judgments Act and is specifically addressed to a California debtor's ability to utilize federal bankruptcy exemptions. CCP § 703.130 is valid only if it is found to be an effective exercise of a state's right to "opt out" of the federal bankruptcy exemption scheme.

CCP § 703.130(a) appears to be California's enactment of a clear-cut opt-out provision pursuant to 11 U.S.C. § 522(b)(1). Specifically, this section provides that the exemptions of § 522(d) are not authorized in California.[2] However, an examination of the succeeding subsections raises constitutional questions with respect to the net effect of the statute.

CCP § 703.130(b) states that notwithstanding the fact that federal bankruptcy exemptions are not authorized in California, a husband and wife who are joint debtors may choose either the "unauthorized" federal bankruptcy exemptions or the state exemptions, so long as they choose in common.[3]

---

1. CCP § 690(b)(1) and (2), repealed in 1983, provided that:
   "(b) Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code are authorized in this state as follows:
   "(1) When a husband and wife are joined in a petition filed under Title 11 of the United States Code, they jointly may elect to utilize the applicable exemption provisions under this chapter or under subsection (b) of Section 522 of Title 11 of the United States Code, but not both.
   "(2) When a petition under Title 11 of the United States Code is filed individually, and not jointly, for a husband or a wife, one spouse shall not claim any exemption under this chapter if the other spouse has claimed any exemption under subsection (b) of Section 522 of Title 11 of the United States Code, and one spouse shall not claim any exemption

under Title 11 of the United States Code if the other spouse claimed any exemption under this chapter."

2. CCP § 703.130(a) states that:
   "(a) Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state."

3. CCP § 703.130(b) provides that:
   "(b) Notwithstanding subdivision (a), if a husband and wife are joined in a petition filed under Title 11 of the United States Code (Bankruptcy), they jointly may elect to utilize the applicable exemption provisions under this chapter or to utilize the applicable exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code, but not both."

CCP § 703.130(c) presents a convoluted path around subsection (a). It provides that a husband or wife who files an individual petition may claim the federal bankruptcy exemptions, so long as the other spouse waives in writing the right to claim state exemptions.[4] This is an obvious attempt to affect serial filings for relief.

Subsection (d) then closed the remaining gap and states that notwithstanding the fact that federal bankruptcy exemptions aren't authorized in this state, an individual can choose federal or state exemptions as long as the individual does not choose both.[5]

Thus, it is clear that the provisions of § 703.130(b), (c), and (d) transform the ostensibly clear-cut opt out provision of § 703.130(a) into something quite different—a state statute aimed at eliminating exemption stacking. The statute in its entirety suffers from the same constitutional infirmities as former CCP § 690(b)(1) and (2).

Therefore, based upon the provisions of § 522(m) and the reasoning outlined in *In re Lee,* 22 B.R. 977, and *In re Stacey,* 24 B.R. 97, the provisions of CCP § 703.130, taken as a whole, are unconstitutional.

The foregoing analysis does not fully resolve the issue of whether California has legitimately "opted out" of the use of the federal bankruptcy exemptions. The legislative comment following the statute sends contradictory signals and gives rise to the question of whether § 703.130(a) should be severed from the remaining provisions of § 703.130 and stand as California's constitutional exercise of the § 522(b)(1) opt out provision.

The last paragraph of the Legislative Committee Comment on CCP § 703.130 states that "subdivisions (b), (c), and (d) ... are severable from subdivision (a), and the invalidity of any or all of these subdivisions does not affect the rule stated in subdivision (a)." [6] The Comment then refers to CCP § 681.050 and cites the California Law Revision Commission Reports and the Assembly Journal.[7]

CCP § 681.050 provides:

"If any provision or clause of this title or application thereof to any person or circumstances is held invalid, the invalidity does not effect [sic] other provisions or applications of this title which can be given effect without the invalid provision or application, and to this end the provisions of this title are severable."

At first glance, the language of CCP § 681.050 and the language of the legislative comment appear to mandate that subdivision (a) be severed from the remaining section of § 703.130. If such is the case, then the California legislature has validly exercised the "opt out" alternative and California residents are precluded from claiming the federal bankruptcy exemptions.

In light of the effect of severability statutes and the history of this statute and its predecessor, however, clearly California did not intend to completely opt out of the federal bankruptcy scheme of exemptions

---

**4.** The circuitous language of CCP § 703.130(c) is as follows:

"(c) Notwithstanding subdivisions (a), if a petition under Title 11 of the United States Code (Bankruptcy) is filed individually, and not jointly, for a husband or a wife, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code are authorized in this state if the husband and wife each effectively waive in writing the right to claim, during the period the case commenced by filing such petition is pending, the exemptions provided by the applicable exemption provisions of this chapter in any case commenced by filing a petition for either of them under Title 11 of the United States Code."

**5.** CCP § 703.130(d) states:

"(d) Notwithstanding subdivision (a), if a petition is filed under Title 11 of the United States Code (Bankruptcy) for an unmarried person, the unmarried person may elect to utilize the applicable exemption provisions under this chapter or to utilize the applicable exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code, but not both."

**6.** West's Ann. CCP § 703.130, Legislative Committee Comment, Assembly, 1982 addition.

**7.** 15 Cal.L.Revision Comm'n Reports, 2001; 82 A.J. 9356.

in such a backhanded manner. It was trying instead to impose its own mandate upon joint debtors' exemption claims and to allow spouses collectively to choose only the state or federal alternative, but not both. This is precisely opposed to the Congressional mandate of § 522(m) which states:

> "This section shall apply *separately* with respect to each debtor in a joint case." (Emphasis added.) [8]

The first step toward this conclusion is an analysis of whether CCP § 681.050 requires that subdivision (a) be severed and stand alone as a valid "opt out" provision. The United States Supreme Court in *Dorchy v. Kansas*, 264 U.S. 286, 44 S.Ct. 323, 68 L.Ed. 686 (1924), was faced with determining the effect of a severability statute which was strikingly similar and even more strongly worded than the one at hand.

The Court stated that in determining whether to sever certain provisions of a statute, a severability statute "provides a rule of construction which may sometimes aid in determining that intent. But it as an aid merely; not an inexorable command." 264 U.S. at 290, 44 S.Ct. at 325.

The Court in *Dorchy* also set forth a standard that is useful in deciding whether severance is appropriate. It said that:

> "... [A] provision, inherently unobjectionable, cannot be deemed separable unless it appears both that, standing alone, legal effect can be given to it and that the Legislature intended the provision to stand, in case others included in the act and held bad should fall." (264 U.S. at 290, 44 S.Ct. at 324.)

In the present case, subdivision (a) could be given legal effect. However, the legislative history does not indicate an intent to give effect to subdivision (a) should the other subdivisions fall.

Focusing on the Legislative Committee Comment immediately following CCP § 703.130,[9] there is a clear indication that in enacting CCP § 703.130 the Legislature was attempting to revise the form and substance of the new exemption statute while maintaining the substance of § 690(b)(1) and (2). Section 690(b) was held unconstitutional because the "substance" of the statute was aimed at preventing exemption stacking while still making the exemptions of § 522(b) available to individual debtors. The comment following § 703.130 states that "[t]he language of the former section has been revised to phrase the provision in terms that describe *when* the federal exemptions provided in § 522(d) are authorized in this state so that the provision will more clearly conform to the authority of paragraph (1) of subsection (b) of § 522 of Title 11 of the United States Code." (Emphasis added.) Examination of this language makes it quite clear that this statute is aimed at delineating when the § 522(d) exemptions may be claimed and provide no evidence whatsoever of any intent to completely opt out of the § 522(d) exemptions.

The most convincing argument against any attempt to sever subsection (a) and validate it as an effective opt out provision may be found in the California Law Revision Commission tentative recommendation which is referenced in the Legislative Comment following CCP § 703.130.[10] This report detailed the provisions of the then proposed Enforcement of Judgments law.

The report specifically addressed the section relating to exemptions in bankruptcy, noting that the California exemptions are more favorable to homeowner debtors while federal exemptions are more favorable to renters. The commission acknowl-

---

**8.** It must be noted that the new § 522(b) and § 522(m) of the Bankruptcy Code which will go into effect October 1984 by virtue of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. 98–353), apparently gives a substantially similar result as CCP § 730.130 in confining spouses to either the state or federal exemption.

**9.** West's Ann. CCP § 703.130, Legislative Committee Comment, Assembly, 1982 Addition.

**10.** 15 Cal.L.Revision Comm'n Reports, 2001 (1980).

edged the state's right to preclude the use of federal exemptions and further stated that the commission had considered whether California should opt out of the use of federal exemptions. The commission took into consideration the advantages of the federal exemptions for renters and went on to state:

> "The commission believes that as a matter of fairness, the federal exemptions should be available to debtors as a remedy for the discrimination inherent in the California exemption scheme. The commission recommends that California take no action to preclude use of the federal exemptions." (15 Cal.L.Revision Comm'n Reports 2001, 2096 (1980).)

The Legislature did eventually enact § 703.130 which is an attempt to "preclude the use of federal exemptions" by one debtor when a joint debtor has claimed state exemptions. The revised recommendation accompanying the Enforcement of Judgments statute that was enacted omitted much of the language contained in the Recommendation for the Proposed Enforcements of Judgment Acts. However, the final version included one sentence which spells out the intent concerning CCP § 703.130; i.e., "[t]he new law continues the substance of a 1981 California statute *precluding spouses from claiming both state and federal exemptions in a bankruptcy*" (emphasis added).[11] Thus, by the enactment of this statute, the Legislature was attempting to preclude exemption stacking by joint debtors and not to eliminate entirely the alternative choice of federal bankruptcy exemptions by California debtors.

The foregoing legislative history clearly indicates that giving effect to subsection 170.130(a) alone would not be in conformity with legislative intent. In light of this, neither CCP § 703.130 nor any of its subsections can stand.

### CONCLUSION

The Trustee's objections are overruled, the debtors exemptions as claimed may stand. Counsel for debtors will prepare an order in conformity with this Opinion within ten days of the date hereof.

---

**11.** 16 Cal.L.Revision Comm'n Reports, 1000, 1098–99 (1982).