**In re Robert LENNEN and Yvonne Lennen, Debtors.**

**In re Bruce BAIRD and Alix Baird, Debtors.**

**In re Michael WOOD and Jami Wood, Debtors.**

**In re Pasquale C. FERRARO and Shelly A. Ferraro, Debtors.**

**Bankruptcy Nos. I–86–01649, I–86–00864, I–86–01347 and I–85–01218.**

United States Bankruptcy Court, N.D. California.

Feb. 19, 1987.

See also, Bkrtcy., 67 B.R. 228.

Douglas B. Provencher, Rohnert Park, Cal., for debtors, Pasquale and Shelly Ferraro.

Philip M. Arnot, Eureka, Cal., for Trustee, William B. Grover.

Marjorie A. Slabach, Conner, Slabach & Lawrence, Santa Rosa, Cal., for Michael and Jami Wood.

Douglas B. Provencher, for debtors, Bruce and Alix Baird.

John R. Evans, Santa Rosa, for debtors, Robert and Yvonne Lennen.

## ORDER ON OBJECTION TO CLAIMS OF EXEMPTION

ALAN JAROSLOVSKY, Bankruptcy Judge.

### FACTS

All of these matters involve the Trustee's objection to claims of exemption under California law. In *Lennen* and *Wood,* the issue is whether a married couple is limited to the same exemptions as a single person under California Code of Civil Procedure section 703.140(b), or whether they may double them. In *Ferraro* and *Baird,* the issue is whether one debtor may elect the exemptions under Code of Civil Procedure section 703.140(b) and his or her spouse elect the exemptions under sections 704.010 et seq. Because the court has trouble with California's statutory exemption scheme, and because a clear statement of the law is necessary in these cases and others being filed daily, the court feels compelled to examine exemption law in California as it exists today and render an opinion which, until reviewed by a higher court, will guide debtors and Trustees in determining what property may be lawfully declared as exempt.

### LEGISLATIVE BACKGROUND

It is impossible to understand the present state of California's exemption law without understanding the events of the last eight years. Once the past is understood, recent legislative events become clearer and a sense of the intent of the California legislature can be divined.

On October 1, 1979, the new Bankruptcy Code went into effect. It changed existing exemption law by providing a list of bankruptcy exemptions which a debtor might elect instead of the exemptions a debtor might elect outside of bankruptcy. It also provided that when a married couple filed a bankruptcy each spouse was entitled to make the election, and that each state could, by an act of its legislature, make the new bankruptcy exemptions inapplicable to residents of the state.

In California, the interplay between existing exemption law and the new bankruptcy exemptions immediately began to cause problems. Because California law gave its homestead exemption to the "head of household" instead of to a married couple together, married couples found that they could "stack" exemptions by having the husband elect the state exemptions and the wife elect the federal bankruptcy exemptions. Because of the long-standing rule that exemption laws should be interpreted liberally in favor of the debtor, courts logically held that a married couple could claim as exempt the full amount of homestead equity under state exemption law plus $7,900.00 in "wildcard" exemptions under federal bankruptcy exemption law (see, e.g., *In re Emmerich* (9th Cir. BAP 1982) 19 B.R. 666), or even claim $7,900.00 more than the maximum under state law in home equity as exempt by stacking the two exemptions on the same property (*In re Dahdah* (9th Cir. BAP 1982) 20 B.R. 665; *In re Ancira* (Bkrtcy.N. D.Cal.1980) 5 B.R. 673). This unintended liberality upset the California legislature, which embarked upon a series of legislative solutions.

California's first attempt to eliminate exemption stacking was the enactment of Code of Civil Procedure section 690(b) in 1981.[1] That section simply provided that a

---

1. CCP section 690(b)(1) and (2), repealed in 1983, provided that:
 "(b) Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code are authorized in this state as follows:
 "(1) When a husband and wife are joined in a petition filed under Title 11 of the United States Code, they jointly may elect to utilize the applicable exemption provisions under this chapter or under subsection (b) of Section 522 of Title 11 of the United States Code, but not both.
 "(2) When a petition under Title 11 of the United States Code is filed individually, and not jointly, for a husband or a wife, one spouse shall not claim any exemption under this chapter if the other spouse has claimed any exemption under subsection (b) of Section 522 of Title

married couple was barred from electing separate exemption schemes in bankruptcy. This statute was rather quickly invalidated by the bankruptcy courts as violating the supremacy clause in the U.S. Constitution. *In re Lee* (Bkrtcy.C.D.Cal.1982) 22 B.R. 977; *In re Stacey* (Bkrtcy.S.D.Cal.1982) 24 B.R. 97.

California's second attempt to eliminate stacking came in 1983, when its legislature repealed Code of Civil Procedure section 690(b) and in its place enacted section 703.-130.[2] That section, which went into effect on July 1, 1983, purported to first have California "opt out" of the federal bankruptcy exemptions, and then provide that, notwithstanding the opting out, the bankruptcy exemptions could still be used as long as there was no attempt by a married couple to stack state and federal exemptions. Section 703.130 was, like its predecessor, quickly declared unconstitutional in bankruptcy court. *In re Garrido* (Bkrtcy. S.D.Cal.1984) 43 B.R. 289.

Finally, in 1984, something of a comedy of errors resulted in the present state of the law. In June of 1984, California's governor signed Assembly Bill No. 3004 into law as Chapter 218 of the laws of 1984. This legislation, which went into effect on January 1, 1985, repealed old Code of Civil Procedure section 703.130 and replaced it with new sections 703.130 and 703.140. These new sections hardly changed anything from old section 703.130, except that instead of allowing the debtor to still choose the federal bankruptcy exemptions, California instead made a new set of state exemptions, applicable only to debtors in bankruptcy, which coincidently were worded exactly the same as the federal bankruptcy exemptions.

Since A.B. 3004 differed so little from the statute invalidated in *Garrido*, one would have thought that it would quickly suffer the same fate. However, unrealized by the California legislature when it passed A.B. 3004, the United States Congress itself was working to eliminate stacking and, in the Bankruptcy Amendments and Federal Judgeship Act of 1984, effective in the fall of 1984, amended 11 U.S.C. section 522(b) to eliminate stacking and further *halved the federal bankruptcy wildcard exemption amount.*

Suddenly, the (essentially) same statute which had been declared unconstitutional at the urging of debtors only a few months before was now a *haven* for debtors, as the California legislature, in attempting to mirror the federal exemptions, had instead inadvertently preserved them in their full amount.

Now, some two years later, the Trustee seeks to limit the exemptions available under section 703.140(b) by applying section 703.110 in such a way as to limit the 703.-140(b) exemptions to the same amount for a married couple as for a single person. The debtors attack this application as discriminating unfairly against married debtors. This court cuts the Gordian knot by declaring A.B. 3004 just as unconstitutional as its predecessor.

## CONSTITUTIONALITY OF SECTION 703.140

█ It is apparent to this court that the exemption scheme embodied in California Code of Civil Procedure section 703.140 must be found to be a nullity. The court in *Garrido* threw out the predecessor to the statute now under review on grounds based solely on the Supremacy Clause; it held that California was not empowered

11 of the United States Code, and one spouse shall not claim any exemption under Title 11 of the United States Code if the other spouse claimed any exemption under this chapter."

2. CCP section 703.130, repealed in 1984, read that:

"(a) Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of

the United States Code (Bankruptcy) are not authorized in this state."

"(b) Notwithstanding subdivision (a), if a husband and wife are joined in a petition filed under Title 11 of the United States Code (Bankruptcy), they jointly may elect to utilize the applicable exemption provisions under this chapter or to utilize the applicable exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code, but not both."

under the Bankruptcy Code to do what it was trying to do. While that argument applies equally here, the doctrine of uniformity also requires that the statute be invalidated.

The United States Constitution provides that Congress may "establish uniform Laws on the subject of Bankruptcies." U.S. Const. Art. I, sec. 8, cl. 4. While this provision has never, despite urgings to the contrary, been interpreted as requiring "true uniformity" as to all debtors nationwide (*Matter of Sullivan* (7th Cir.1982) 680 F.2d 1131, 1133), it has been interpreted as requiring *geographic* uniformity. The Supreme Court noted in upholding the Bankruptcy Act of 1898 in *Hanover National Bank v. Moyses* (1902) 186 U.S. 181, 188, 22 S.Ct. 857, 860, 46 L.Ed. 113, that "uniformity is geographical, not personal, and we do not think that the provisions of the Act of 1898 as to exemptions is incompatible with that rule."

 Measured by the geographic uniformity test, the exemption scheme of section 703.140 must fail. The exemptions made available there apply *only* to a debtor in federal bankruptcy court; they are not available to a next-door neighbor who has not filed a bankruptcy petition. In addition, the statutory wording of section 522(b)(2)(A) that the debtor may claim property as exempt under "State or local law that is applicable" should not, in view of constitutional considerations, be interpreted so liberally as to authorize a state exemption scheme which is applicable only in federal bankruptcy court.

### STATUS OF SECTION 703.130

 Having determined that California's bankruptcy-only exemptions exceed the authority delegated to the states by Congress and violate the geographic uniformity requirement, this court must now determine whether the exemptions set forth in section 522(d) of the Bankruptcy Code are still available to debtors, or whether they must rely solely on California's nonbankruptcy exemptions. Section 522(b)(1) provides that the former are available "unless State law ... specifically does not so authorize."

California Code of Civil Procedure section 703.130, added by Chapter 218 of that state's 1984 statutes, along with section 703.140 as A.B. 3004, provides that the exemptions set forth in section 522(d) are not authorized in California. Section 681.050 of the California Code of Civil Procedure section provides that the unconstitutionality of one section does not invalidate the other sections. Therefore, it might be argued that the only exemptions left to California debtors are the ordinary state exemptions. However, for the reasons discussed below, this court does not believe that California's "opt-out" was effective.

As previously discussed, California adopted its opt-out scheme in order to prevent stacking, evidently not realizing that Congress was moving to do the same thing, as well as halve the federal exemptions. It is by no means certain that California would have exercised the political decision to opt out if it knew what Congress was doing; circumstances indicate that it would have done nothing, as all of its concerns were addressed by the 1984 amendments to the Bankruptcy Code.

This court finds itself facing exactly the same issue as the court in *Garrido*, and elects to resolve the issue in the same way. Citing *Dorchy v. Kansas* (1924) 264 U.S. 286, 44 S.Ct. 323, 68 L.Ed. 686, the court determined that the "net effect" of both parts of the legislation in question was not to unconditionally opt out of the federal bankruptcy exemptions, but rather to eliminate stacking. The court then proceeded to invalidate both the improper exemption scheme and the opt-out provision on the grounds that there was no clear legislative intent to opt out unconditionally. 43 B.R. at 293.

It should be noted that even under California law "a severability clause in a statute, even if broadly drawn, does not deprive the judiciary of its normal power and duty to construe the statute and determine whether the unconstitutional part so materially affects the balance as to render the entire enactment void. In other words, the presence of a severability clause does not change the rule that an unconstitutional

enactment will be upheld in part only when that part is complete in itself and would have been adopted even if the legislative body had foreseen the partial invalidity." 13 Cal.Jur.3d, Constitutional Law, sec. 86, p. 157.

This court shares the reluctance of the court in *Garrido* to allow an opt-out statute to remain effective when another part of the same law has been invalidated. While the constitutionality of the opt-out provision has been upheld (*Matter of Sullivan,* supra, 680 F.2d at 1137), the constitutional questions at least require that in order for the opt-out to be effective it must be clear, unequivocal, and not part and parcel of invalid legislation.

### CONCLUSION

For the above reasons, the court concludes as follows:

a. The exemptions set forth in California Code of Civil Procedure section 703.140 are a nullity. No debtors are entitled to use that statute's provisions.[3]

b. California has not validly opted out of the federal bankruptcy exemptions of 11 U.S.C. section 522(d). These exemptions are still available to debtors, although stacking with state exemptions is prohibited by section 522(b).

The objections of the Trustee are hereby sustained. The debtors shall have leave to amend their schedules in accordance with this decision.

As a final matter, the court notes that the State of California has not yet had an opportunity to intervene in this matter as required by 28 U.S.C. section 2403(b). While California may well elect not to do so in light of the 1984 amendments to the Bankruptcy Code, the attorney for the Trustee is hereby ordered to serve a copy of this opinion upon the Attorney General of California forthwith and file a certificate

**3.** In the course of preparing this opinion, the court has become aware of the Ninth Circuit Bankruptcy Appellate Panel in *In re Baldwin,* 70 B.R. 612 (9th Cir. BAP 1987). In that case, it appears that the debtors argued that California's Code of Civil Procedure sections 703.110 and 703.140 were unconstitutional as applied to married couples, but the constitutional authority of

of service with the court. The effect of this order shall be stayed until fifteen days after such service, during which time the State shall be entitled to notice a hearing at which the court may modify or vacate this decision.

California to enact exemptions only applicable in federal bankruptcy court was not discussed. Nothing in *Baldwin* appears inconsistent with this decision and the result reached here is substantially the same as in *Baldwin,* albeit by different analysis.