**In re Gary P. PETRUZZELLI, Debtor.**

**Bankruptcy No. 91–23118–C–7.**

United States Bankruptcy Court,
E.D. California.

April 14, 1992.

denied.

Raymond P. Burton, Jr., Auburn, Cal., for debtor.

Rodney G. Commons, Sacramento, Cal., for trustee.

## MEMORANDUM OPINION ON OBJECTION TO CLAIM OF EXEMPTION

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

The question is whether California's exemption of credit union share accounts at California Financial Code § 14864 is an independent exemption that shields an unlimited amount of money from a bankruptcy trustee.[1] No published decision answers the question. The leading bankruptcy treatise describes the law as "unclear." 7 L. King, *Collier on Bankruptcy* at 63–64 (15th ed. 1991). The standard treatise on California practice is vague. 8 B. Witkin, *California Procedure: Enforcement of Judgment* § 52 (3d ed. 1991). I conclude that Financial Code § 14864 lost its character as a separate "bonus exemption" when it was amended in 1983, and that funds in credit union accounts are exempt only to the extent they are otherwise exempt.

The chapter 7 trustee objects to the debtor's claim that a $35,512.13 credit union account is exempt merely because it is a credit union account. The debtor says that under the current version of Financial Code § 14864, all credit union share accounts, no matter how large, are exempt and may be claimed exempt in addition to all other exemptions. The trustee says that such funds are exempt only to the extent that they can be traced to an otherwise avail-able exemption under the Exemption Chapter of the California Code of Civil Procedure.

The result turns upon the interpretation of an amendment to Financial Code § 14864 that took effect July 1, 1983. Before then, $1,500.00 in a credit union share account was exempt from enforcement of a money judgment. This was a "bonus exemption" in that the credit union exemption could be claimed in addition to all other exemptions under California law. The 1983 amendment permitted exemption of credit union share accounts "in the amount and in the manner provided in" the Exemption Chapter of the Code of Civil Procedure, rather than a fixed exemption of $1,500.00. Under the debtor's theory, there is a hole in the Exemption Chapter that enables credit union share accounts to slide through untouched.

### 1. California's Exemption Scheme

The structure of California's exemption scheme provides the context in which Financial Code § 14864 is interpreted. All current exemptions date from a comprehensive overhaul that took effect July 1, 1983.[2] There are two sets of exemptions from enforcement of money judgments—the basic exemptions that are always available and the optional alternative list that may be elected only in a bankruptcy case.

#### a. Structure of Code of Civil Procedure

Both sets of exemptions from enforcement of money judgments are governed by

---

**1.** Section 14864 provides:
The shares and certificates for funds received of members of any credit union and all the accumulation on such shares and certificates are exempt from enforcement of a money judgment in the amount and in the manner provided in Chapter 4 (commencing with Section 703.010) of Division 2 of Title 9 of Part 2 of the Code of Civil Procedure [i.e. the Exemption Chapter of the Code of Civil Procedure].
Financial Code § 14864.

**2.** 1982 Cal.Stat. 1364, operative July 1, 1983. The purpose of that legislation was described as follows:

Existing law contains an extensive and comprehensive statutory scheme relative to the enforcement of judgments in civil actions, including specific provisions on execution of judgments, proceedings supplemental to execution, ...
This bill would repeal the above provisions and, instead, would enact a new comprehensive statute governing the enforcement of judgments. This bill would continue many of the existing provisions and features of existing law, but would also enact numerous changes.
1982 Cal.Legis. Summary Digest of Statutes Enacted and Resolutions Adopted, at 490.

the Exemption Chapter of the Code of Civil Procedure (hereafter "Exemption Chapter"). That chapter, which appears as Code of Civil Procedure §§ 703.010–704.-995, does not, however, stand alone. Within the structure of the codes, the chapter entitled "Exemptions" is within the division on "Enforcement of Money Judgments" within the title on "Enforcement of Judgments" within the part on "Civil Actions" within the Code of Civil Procedure.[3] One implication of that structure is that the sets of general provisions that apply throughout the title on Enforcement of Judgments and throughout the division on Enforcement of Money Judgments apply to the Exemption Chapter and affect the meaning of terms used in the Exemption Chapter.

### b. Premise that all property is encompassed by exemption scheme

The central premise of the overhauled exemption scheme is that *all* property, including exempt property, is subject to enforcement of a money judgment. Cal.Code Civ.Proc. § 695.010(a);[4] 8 B. Witkin, *California Procedure: Enforcement of Judgment* §§ 47–52 (3d ed. 1991).

Most exemptions must be claimed. Unless and until an exemption is claimed, it is regarded as waived, with the result that the property remains vulnerable to judgment enforcement. Cal.Code Civ.Proc. § 703.030(a);[5] 8 B. Witkin, at §§ 165–66.

Some exemptions need not be claimed. They are automatic and are denoted by the statutory term of art "exempt without making a claim," which has the effect of eliminating the applicability of the procedure for enforcing a money judgment. Cal.Code Civ.Proc. § 703.030(b). The automatic exemptions generally involve provisions where the protection is temporary[6] or where only part of the property is automatically exempt.[7]

Finally, narrowly circumscribed types of property are absolutely immune from judgment enforcement by virtue of being declared to be "not subject to" (another statutory term of art) such enforcement. Examples include property that cannot be assigned or transferred[8] and certain licenses.[9] Such property may not be levied upon, and, if it is erroneously levied upon, may be released pursuant to the claim of exemption procedure. Cal.Code Civ.Proc. § 695.-040. It is also deemed exempt without making a claim. Cal.Code Civ.Proc. § 704.-210. Such exclusions from a comprehensive general rule that encompasses all

**3.** Formally, it is Chapter 4 (Exemptions) of Division 2 (Enforcement of Money Judgments) of Part 2 (Civil Actions) of the Code of Civil Procedure. Cal.Code Civ.Proc. §§ 703.010–704.995.

**4.** Section 695.010(a) provides:
Except as otherwise provided by law, all property of the judgment debtor is subject to enforcement of a money judgment.
Cal.Code Civ.Proc. § 695.010(a).

**5.** Section 703.030(a) provides:
An exemption for property that is described in this chapter or in any other statute as exempt may be claimed within the time and in the manner prescribed in the applicable enforcement procedure. If the exemption is not so claimed, the exemption is waived and the property is subject to enforcement of a money judgment.
Cal.Code Civ.Proc. § 703.030(a).

**6.** For example:
Before payment, benefits from a disability or health insurance policy or program are exempt without making a claim. After payment, the benefits are exempt.

Cal.Code Civ.Proc. § 704.130(a).

**7.** For example, the first $500.00 ($750.00 for multiple payees) of social security deposit accounts in which payments authorized by the Social Security Administration are directly deposited by the United States government is "exempt without making a claim"; the remainder is merely "exempt". Cal.Code Civ.Proc. § 704.-080. Similarly, up to $1,000.00 in an inmate's trust account for a state prisoner is "exempt without making a claim"; higher sums are not exempt. Cal.Code Civ.Proc. § 704.090.

**8.** Section 695.030(a) provides:
Except as otherwise provided by statute, property of the judgment debtor that is not assignable or transferable is not subject to enforcement of a money judgment.
Cal.Code Civ.Proc. § 695.030(a).

**9.** Section 695.060 provides:
Except as provided in Section 708.630 [liquor licenses], a license issued by a public entity to engage in any business, profession, or activity is not subject to enforcement of a money judgment.

property and provides a broad array of exemptions are construed narrowly. If the phrase "not subject to" is not used in so many words in connection with a code provision dealing with enforcement of money judgments, then the provision involves an exemption rather than an exclusion.

### c. Basic exemptions

The basic exemptions are available to all judgment debtors who face enforcement of money judgments regardless of bankruptcy. The current version of the basic exemptions dates from comprehensive overhaul that took effect July 1, 1983. 8 B. Witkin, *California Procedure: Enforcement of Judgment* §§ 9–10 (3d ed. 1991).

The basic exemptions from enforcement of money judgments include: twenty-four categories of property listed in Article 3 of the Exemption Chapter, some of which are fixed in amount while others are based on need; two types of homestead exemption set out in Articles 4 and 5; a few miscellaneous exemptions (such as Financial Code § 14864) appearing in other California codes; and federal nonbankruptcy exemptions. As noted above, these exemptions are available in all matters, bankruptcy and nonbankruptcy alike.

### d. Optional bankruptcy exemptions

Debtors in bankruptcy cases have the option of electing an alternative list of exemptions in lieu of all other exemptions.

The basic exemptions and the optional bankruptcy exemptions are mutually-exclusive:

> If a petition is filed under Title 11 of the United States Code, the exemptions provided by this chapter other than the provisions of subdivision (b) of this section shall be applicable, but the exemptions provided by subdivision (b) may be elected in lieu of all other exemptions provided by this chapter, ...

Cal.Code Civ.Proc. § 703.140(a).

The list of optional bankruptcy exemptions was cloned from the version of 11 U.S.C. § 522(d) that was in effect from 1979 until October 1984. It was enacted because California wished to permit debtors to have the benefit of the federal bankruptcy exemptions while precluding joint debtors from the much-criticized practice of "stacking" in which one spouse would claim federal exemptions and the other spouse would claim state exemptions, thereby reaping the best of both. Thus, the state exercised its power to "opt out" of the federal bankruptcy exemptions provided by section 522(d) and to require that debtors domiciled in the state exempt property only under state (and federal nonbankruptcy) law. Cal.Code Civ.Proc. § 703.-130.[10] It then, after banning "stacking," enacted the federal bankruptcy exemptions under the guise of state law. Cal.Code Civ.Proc. § 703.140(b).

---

Cal.Code Civ.Proc. § 695.060.

**10.** The operative language is:
> Pursuant to the authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state.

Cal.Code Civ.Proc. § 703.130.

This section was enacted (in identical language) twice—because the first effort was defective and had to be replaced. In 1982, as part of the overhaul of exemption laws, the state opted out of section 522(d) in order to prevent "stacking" but then opted back in by permitting debtors to elect the 522(d) exemptions. Cal.Code Civ.Proc. §§ 703.130(a)-(d) (repealed 1984). The limited opt-out was criticized as unconstitutional, as was a prior effort to ban "stacking" without opting out. *In re Garrido,* 43 B.R. 289 (Bankr.S.D.Cal.1984); *In re Stacey,* 24 B.R. 97

(Bankr.S.D.Cal.1982); Neustader, *The New California Exemptions in Bankruptcy: A Constitutional Reprise,* 15 Pac.L.J. 1 (1983). In response, the opt-out was reenacted in 1984 and the then-existing version of section 522(d) adopted as state law. Cal.Code Civ.Proc. §§ 703.130 and 703.140(b), 1984 Cal.Stat. 218 (approved June 20, 1984). Although there has been some debate about the constitutionality of that corrective legislation and its special state bankruptcy exemptions, *compare Baldwin v. Marshack (In re Baldwin),* 70 B.R. 612, 617–18 (9th Cir.BAP 1987), *with In re Lennen,* 71 B.R. 80, 82–83 (Bankr.N.D.Cal.1987) *and In re Shumaker,* 124 B.R. 820, 823–27 (Bankr.D.Mont. 1991), the issue is not pertinent to this case because the debtor does not claim the optional bankruptcy exemptions. Ironically, three weeks after the corrective legislation became law, the Congress banned "stacking." Pub.L. 98–353, 98 Stat. 353 (July 10, 1984).

## 2. Relation of Financial Code § 14864 to Exemption Chapter

It is beyond cavil that the former version of Financial Code § 14864, in effect until July 1, 1983, was an independent "bonus" exemption of up to $1,500.00 for the benefit of members of credit unions.[11] *See Wurdick v. Clements,* 451 F.2d 988, 990 (9th Cir.1971); *In re Andreotti,* 16 B.R. 28, 32 (Bankr.E.D.Cal.1981).[12]

The question is whether the status of being an independent exemption changed when the phrase "exempt from sale on execution and proceedings supplementary thereto, to the amount of one thousand five hundred dollars ($1,500)" was amended to read "exempt from enforcement of a money judgment in the amount and in the manner provided in Chapter 4 (commencing with Section 703.010) of Division 2 of Title 9 of Part 2 of the Code of Civil Procedure." The answer is that the status of the exemption did change as is evident from the statutory language and confirmed by the history of the amendatory legislation.

### a. Language of the statute

The fixed amount of $1,500.00 was deleted in favor of a reference to the amounts and manner provided in the Exemption Chapter of the Code of Civil Procedure.

The form of that reference, especially the parenthetical referring to the first section of the chapter, invites confusion for those who ignore the general provisions and definitions that apply to the Exemption Chapter. The general provisions and definitions are essential to making sense of the provisions for credit union accounts because the words "credit union" are not used in the Exemption Chapter. The definitions import credit union accounts into the "deposit accounts" that are addressed in the Exemption Chapter.

When the statute is read using the applicable definitions, the language unambiguously provides that an exempt fund retains its exempt character when deposited into a credit union account. Specifically, "a fund that is exempt remains exempt to the extent that it can be traced into deposit accounts...." Cal.Code Civ.Proc. § 703.-080.[13] A "deposit account" has, under the definitions applicable to the entire title on Enforcement of Judgments, the same meaning as the definition in Article 9 of California's Uniform Commercial Code. Cal.Code Civ.Proc. § 680.170.[14] The Commercial Code definition specifies that credit union accounts are deposit accounts.[15] Thus, credit union accounts are addressed in the Exemption Chapter as a species of deposit accounts.

11. That former version provided:

> The shares and certificates for funds received of members of any credit union and all the accumulation on such shares and certificates are exempt from sale on execution and proceedings supplementary thereto, to the amount of one thousand five hundred dollars ($1,500).
>
> The procedure set forth in Section 690.50 of the Code of Civil Procedure shall be followed in claiming the exemption from execution pursuant to this section.

Cal.Fin.Code § 14864, without amendment effective July 1, 1983, 1982 Cal.Stat. 497.

12. Mr. Andreotti was not permitted to exempt his $1,500.00 that had been deposited into a friend's credit union account because he was not a "member" of the credit union.

13. Section 703.080 provides:

> (a) Subject to any limitation provided in the particular exemption, a fund that is exempt remains exempt to the extent that it can be traced into deposit accounts or in the form of cash or its equivalent.

> (b) The exemption claimant has the burden of tracing an exempt fund.
> (c) The tracing of exempt funds in a deposit account shall be by application of the lowest intermediate balance principle unless the exemption claimant or the judgment creditor shows that some other method of tracing would better serve the interests of justice and equity under the circumstances of the case.

Cal.Code Civ.Proc. § 703.080.

14. Section 680.170 provides:

> "Deposit account" means "deposit account" as defined in Section 9105 of the Commercial Code.

Cal.Code Civ.Proc. § 680.170.

15. Section 9105(e) provides:

> "Deposit account" means a demand, time, savings, passbook or like account maintained with a bank, savings and loan association, credit union or like organization, other than an account evidenced by a negotiable certificate of deposit.

Cal.Com.Code § 9105(e).

Application of the tracing provision is not difficult. A credit union account to which is traced a $1,200.00 deposit received from an execution sale of a motor vehicle is exempt because the $1,200.00 was already exempt when the debtor deposited it.[16] Similarly, benefits received from a disability insurance policy are exempt when deposited into a credit union account, and so are personal injury damages (to the extent reasonably necessary for support).[17]

The plain language of the Exemption Chapter admits of but one construction notwithstanding that an odyssey through the Code of Civil Procedure and the Commercial Code is required in order to read the statute. The exempt status of a credit union account depends upon the existence of some specific exemption for the funds that are on deposit. The actual amount that is exempt may be indefinite and in need of judicial determination. Multiple exemptions may be involved. The total exempt amount may, in instances of exemptions based on need, be a tidy sum—even more than the $35,512.13 in this debtor's account.

Although there are many potentially applicable exemptions, the specific $1,500.00 credit union exemption is not one of them. It was eliminated in 1983 when the specific sum was deleted in favor of a reference to the Exemption Chapter. Thus, the natural reading of the statute yields the conclusion that the independent exemption of such accounts ended July 1, 1983.

b. History of the statute

Financial Code § 14864 was amended in tandem with the comprehensive overhaul of the enforcement of judgments law. Chapter 497 of the California Statutes of 1982, the enactment of Assembly Bill 798, amended various codes, including the Financial Code; the enforcement of judgments law became chapter 1364, the enactment of Assembly Bill 707. Both statutes took effect on July 1, 1983.

The amendment to the credit union exemption was conditional upon the actual enactment of the proposed new enforcement of judgments law. The function of chapter 497 was to make conforming changes in various codes.[18] These conforming amendments were not to take effect unless the proposed enforcement of judgments statute became law.[19]

Likewise, in the primary bill, Assembly Bill 707, the understanding that Financial Code § 14864 was being eliminated as an independent exemption was explicit:

(g) EXEMPTIONS. Existing law provides that certain designated property of a judgment debtor is exempt from enforcement of a money judgment. Among the specific exemptions that would be affected by this bill are the following:

.  .  .  .  .

(5) The existing exemption for a savings and loan association account ($1,000) and for a credit union account ($1,500) would be replaced by different provisions exempting *otherwise exempt* proceeds in specified amounts deposited in an account in any type of financial institution and exempting paid earnings so deposited.

16. Cal.Code Civ.Proc. § 704.010(a)(2).

17. Cal.Code Civ.Proc. §§ 704.130(a) and 704.150. In this instance, the parties agree that some, but not all, of the funds in the credit union account can be traced to the personal injury damages exemption.

18. This is evident from the description of Assembly Bill 798 as making conforming changes in connection with implementation of Assembly Bill 707:

Existing law contains numerous provisions regarding enforcement of judgments. AB 707 would make substantial and comprehensive revisions to that law.
This bill would make conforming and corresponding changes in various codes to facilitate or effect the implementation of the provisions of AB 707.
1982 Cal.Legis. Summary Digest of Statutes Enacted & Resolutions Adopted, at 167.

19. This bill would become operative only if AB 707 is chaptered and, in that event, would become operative on July 1, 1983, the same as AB 707.
1982 Cal.Legis. Summary Digest of Statutes Enacted & Resolutions Adopted, at 167.

1982 Cal.Legis.Summary Digest of Statutes Enacted and Resolutions Adopted, at 491 (emphasis supplied). This explanation is fully consistent with the plain language of the statutes as enacted.

The $1,500.00 exemption for credit union accounts was replaced by the provisions of the Exemption Chapter that allow otherwise exempt funds to be deposited into such accounts without losing their exemptions. It was no oversight that the Exemption Chapter did not include a specific independent exemption for credit union accounts. In other words, the legislative history confirms that the statute means what it says by its words and by its silence. Financial Code § 14864 lost its character as a separate "bonus" exemption in 1983.

### 3. *Inapplicability of Code of Civil Procedure § 704.210*

The debtor argues that there is a hole in the Exemption Chapter at Code of Civil Procedure § 704.210 through which the credit union exemption slides: "Property that is *not subject to* enforcement of a money judgment is exempt without making a claim." [20] The reasoning is that the reference in Financial Code § 14864 to share accounts being *"exempt from* enforcement of a money judgment in the amount and in the manner provided" by the Exemption Chapter must mean that in the Exemption Chapter there is a credit union exemption with an identifiable amount. In the absence of any other arguably applicable exemption, it is contended that Financial Code § 14864 must be referring to Code of Civil Procedure § 704.210, which does not specify a limit. Since no amount is stated, the argument concludes, the intended amount must be limitless.

Aside from its magnificent circularity and tendency to make the deposit account tracing provision mere surplusage, the argument rests on the false premise that the phrase *"not subject to* enforcement of a money judgment" is synonymous with *"exempt from* enforcement of a money judgment." As noted above, the statutory phrase *not subject to* is a term of art that

refers to property that is not vulnerable to judgment enforcement. The term of art *exempt* refers to property that is vulnerable. to enforcement of a money judgment unless a claim of exemption is made.

The operative term in Financial Code § 14864 is "exempt from." As Code of Civil Procedure § 704.210 deals with property "not subject to" rather than property "exempt" from enforcement of a money judgment, it has no application to the credit union exemption.

The trustee's objection to claim of exemption will be sustained.

---

**20.** Cal.Code Civ.Proc. § 704.210 (emphasis supplied).